## BRICE v. SHEFFIELD.

1. A plaintiff in an action for land may amend the abstract of title attached to the petition by any supplementary matter in aid thereof. An amendment alleging an estoppel in pais by the defendant from attacking the title of the plaintiff was properly allowed.

2. If an owner of land induces, another to buy the land as the property of a third person, he will thereafter be estopped from asserting his title as against the person who acted on his declarations. This is true even though the title of the owner, who induced the other to purchase from a third person, is duly recorded.

3. The ground of the motion relating to newly discovered evidence was not argued in the brief, and will be treated as having been abandoned.

Argued October 20, — Decided November 11, 1904.

Complaint for land. Before Judge Felton. Bibb superior court. January 21, 1904.

*Minter Wimberly* and *J. E. Hall*, for plaintiff in error, cited, as to estoppel, *Ga. R.* 95/143; 13/526; 18/193; 30/722; 17/449; 102/120; 111/102; 94/190; 105/285; 97/440; Civil Code, §§ 5150–5152; Her. Est. (ed. 1871) 421 et seq.; Big. Est. 370, 593, 628, 695; Ewart, Est. 10; 30 Ark. 407; 34 N. E. 39; 79 Am. D. 649; 55 Miss. 261; 36 Pac. 782; 9 N. H. 336; 16 Pa. St. 357; 17 So. 221; 19 Fla. 356; 13 N. W. 310; 69 Me. 57; 41 N. W. 453; 79 Mo. 41; 14 Am. D. 475; 11 O. St. 42; 43 Pa. St. 170; 60 Am. D. 264; 8 N. W. 181; 40 N. Y. 191.

*Hardeman & Jones, Davis & Turner*, and *E. P. Johnston*, contra, cited *Ga. R.* 116/460; 67/420; 57/204; 65/724; 52/183, 198; 29/312; 16/593; 1/408; 59/171; 80/776; Civil Code, §§ 3609, 5480, 5481, 3825.

EVANS, J. Mrs. Sarah Sheffield brought a complaint for land against William Brice, in the superior court of Bibb county. The abstract of title attached to the petition included three deeds, (1) from Mrs. Aletha Brice to Robert Brice, (2) from Robert Brice to J. W. Skipper Jr., and (3) from J. W. Skipper Jr. to plaintiff. The defendant by his plea admitted possession, and alleged that he claimed title by virtue of a deed from Aletha Brice to himself, of superior date to the deed from Aletha Brice to Robert Brice, upon which plaintiff relied. Pending the trial the court permitted the plaintiff to amend her declaration by alleging, (1) that before receiving the deed from J. W. Skipper Jr., and before pur-

chasing the land, she was induced by the defendant to purchase the premises in dispute and to give said Skipper therefor fifty acres of land of the value of $500, without disclosing his title; and (2) that the defendant knew that Skipper was in possession claiming title to the premises, and was erecting valuable improvements thereon, but did not give to said Skipper, her grantor, any notice of his claim of title. To the allowance of this amendment the defendant filed exceptions pendente lite. Upon the trial the plaintiff introduced the three deeds included in her abstract, and also offered the following testimony: Skipper testified, that shortly after he purchased the land from Robert Brice, he built a frame house, barn, and outhouse on the premises, at a cost of $150; that defendant passed the premises after the lumber had been hauled, but prior to the construction of the buildings, and asked the witness what he was doing; that witness replied he had purchased the half acre in dispute and was going to build, whereupon defendant said he was very glad witness was going to build there, as it would be a great protection to defendant's mother to have some neighbors near her; and that defendant never mentioned to witness at any time that he had any claim of title to the land, nor did witness ever hear that he had any claim to the land until after the completion of the buildings. Mrs. Ollie Heath testified, that she was the plaintiff's daughter, and sometime before her mother bought the premises William Brice, the defendant, came to her house and asked why she did not buy the same, saying he wished witness would buy the premises so she could be company for his mother; that witness said she did not have the money to buy the land, and defendant then told her to get her mother, the plaintiff, to swap her fifty acres at Mt. Hopewell Church for the premises, and witness told her mother, while on a visit to her, what William Brice had said; and that it was some time after the plaintiff bought the land before witness heard that the defendant had any claim to the land. The plaintiff testified, in her own behalf, that her daughter told her what William Brice had said about buying the premises in dispute; that she traded her fifty acres, worth $500, for the place; and that she had never heard of any claim of his until after she bought, nor did she ever have any conversation at any time with him about this land. The defendant introduced a deed from Aletha

Brice to himself, which deed was superior in date to the deed from Aletha Brice to Robert Brice, and which recited a valuable consideration. He testified that he built upon the land a one-room house for his mother, Aletha Brice, in consideration of her deeding the premises to him, she to have possession during her life; and that he held the premises under her deed to him. He denied telling Mrs. Ollie Heath, or any one else, to buy the place, and denied ever sending word to Mrs. Sheffield by any one to buy the land. On the contrary, he testified, just before the plaintiff bought the land she and her daughter, Mrs. Heath, came to his house and asked him if he had any showing for the place, and he told plaintiff he had and got his wife to take out his deed and read it to them. The defendant also introduced a portion of the transcript of the testimony of Mrs. Sheffield, delivered upon a former trial, as follows: "William Brice never offered me any inducement to buy the place and did not persuade me to buy the place. I never had any conversation with him on the subject." The trial resulted in a verdict for the plaintiff, and the defendant made a motion for a new trial. It was overruled by the court. He excepts to the allowance of the amendment to the plaintiff's petition, and to the overruling of his motion for a new trial.

1. There was no error in allowing the amendment. The plaintiff had a right to change her abstract by way of amendment. But in point of fact she did not do so, the effect of her amendment being merely to plead the facts on which she relied as showing that the defendant was estopped to set up against her the deed under which he claimed. Both parties claimed under a common grantor, defendant's deed being the older. By this amendment the plaintiff sought to overcome the force and effect of the defendant's deed. It was perfectly competent for her to show by evidence that he was estopped from asserting any title as against her; and while it may not have been necessary for her to plead the facts upon which she relied as showing an estoppel in pais, there certainly was no error in allowing the amendment.

2. Unless William Brice was estopped from asserting his title, the verdict should have been in his favor, because his deed was older than the plaintiff's. The plaintiff maintained, however, that the defendant was, for the reasons set forth in her amendment, estopped from asserting any title antagonistic to her own. From

the testimony offered in her behalf it appears that the defendant, through the daughter of the plaintiff, conveyed to the plaintiff a message whereby she was invited and advised to purchase the land in dispute, he suggesting that she sell or swap her fifty acres of land and purchase the premises to which he now asserts title. This message, according to the plaintiff's testimony, was duly delivered to her, and shortly thereafter she sold her fifty acres and with the proceeds of the sale purchased these premises. If the defendant by any act or conduct on his part induced the plaintiff to invest her money in this land, withholding from her notice of his claim of ownership, he would now be estopped from asserting any antagonistic title he then held. "One who, by acts or declarations, induces another to buy property as the property of a third person, is thereby estopped from setting up title in" himself; "but to make such acts or declarations a bar, it should appear that they were known to the purchaser, and that he acted upon them and not upon his own knowledge or judgment." *McCune* v. *McMichael*, 29 *Ga.* 312. This is but a statement of the familiar rule of estoppel, that it would be a fraud to permit one person to act to his injury upon the representation of a fact not true, and which the person·making the assertion knew to be untrue. The defendant, however, contends that the evidence did not affirmatively show that the plaintiff, even if she received the alleged message from him, acted thereon; and he instances, as evidencing the fact that she did not, her testimony delivered at a former trial. What the witness then said is not at all inconsistent with her testimony on the last trial, her contention being that while she had never had any conversation with William Brice concerning the land, she did act on the message he sent to her and bought the land as he advised her to do. The only fair inference from her testimony is that she was induced by this message, conveyed to her by her daughter, to act to her prejudice. The jury had the right to draw this inference, if they credited her testimony.

The defendant further contends that the doctrine of estoppel is nor applicable to the facts of the present case, for the reason that, at the time Mrs. Sheffield purchased from Skipper, defendant's deed was duly recorded. The record of a deed will not preclude the plaintiff from relying upon the misconduct of the defendant

with which he is charged.　*Markham* v. *O'Connor*, 52 *Ga.* 183. Notwithstanding defendant's deed might have been properly recorded, the plaintiff had the right to rely upon his good faith in advising her to purchase the land, and he can not now complain that she ought to have taken the precaution of examining the record of deeds before acting on his invitation to buy and implied admission that he had no claim of ownership.　To give to the record such an effect as this would be to permit the defendant to take advantage of his own wrong in misleading the plaintiff and inducing her to act to her injury.　There was a conflict in the evidence upon the question whether or not the defendant by his conduct or declarations induced the plaintiff to purchase the premises in controversy.　It was the province of the jury to settle this conflict, and we can not say that their finding in favor of the plaintiff was unauthorized by the evidence.

3. The remaining ground of the motion for a new trial relates to newly discovered evidence.　As this ground is not insisted on in the brief of counsel for the plaintiff in error, it will be treated as having been abandoned.

*Judgment affirmed.　All the Justices concur.*