## DEMMONS *v.* BOOKER.

1. Where a widow, as sole heir of her deceased husband, took possession of his estate without administration, under the Civil Code, § 3355, par. 1, claiming that there were no debts, on a suit by her to recover property which it was contended had belonged to her husband, the

presiding judge properly refused a request to give a charge to the effect
that any debt which the deceased husband might have owed, which
was not known to the wife and not brought to her knowledge, would
not defeat the title to any of the property vesting in her, and that
the law "only contemplated the payment of such debts of her husband
as were brought to her knowledge."

2. Where exception is taken to a charge, but no error is assigned thereon
save that the court erred in so charging, and such charge states a
proposition of law which is in the abstract correct, this court will not
consider whether it is applicable or appropriate to the case.

3. Where suit was brought for the possession of a cow, and the defendant
contended, that it had belonged to her deceased brother, that she had
performed services for him in his lifetime, and he had promised to
give her the cow, that after his death his widow, who was the plain-
tiff, asked the defendant if she desired any of the property which had
been left by the deceased, that the defendant replied that she wished
the cow which her brother had promised to her or given to her, and
that thereupon the widow made a parol gift and consummated it by
delivery of possession, there was no error in admitting testimony tend-
ing to show a promise by the deceased in his lifetime to give the cow
to the defendant. Such evidence did not show a parol gift by the de-
ceased, but, in connection with the other evidence, threw light upon
the probability of the correctness of the defendant's contention.

4. The evidence sustained the verdict, and there was no error in overruling
the motion for a new trial.

Submitted March 12,—Decided April 11, 1907.

Trover. Before Judge Hammond. Richmond superior court.
April 6, 1906.

*G. L. Callaway,* for plaintiff. *John T. West,* for defendant.

LUMPKIN, J. Isaac Wilson was married. He also had a cow.
When he died both his wife and the cow survived him. The cow
came into the possession of the defendant, who was the sister of
the deceased. In time the widow married one Demmons and
brought suit against the defendant to recover the cow. On the
trial the jury found for the defendant. Plaintiff moved for a new
trial, which was refused, and she excepted.

1. The court was requested to charge as follows: "Upon the
death of the husband, leaving no children, the wife is his sole heir,
and can take possession of his estate without administration; and
she inherits everything the husband had; and any debt which her
husband might have owed which was not known to the wife, and
which was not at any time brought to her knowledge, would not de-
feat the title to any of the property of her deceased husband vesting
in her. The law only contemplates the payment of such debts of

her husband as are brought to her knowledge." The court correctly refused to give this request. The Civil Code, § 3355, paragraph 1, declares that "Upon the death of the husband, without lineal descendants, the wife is his sole heir, and upon the payment of his debts, if any, may take possession of his estate, without administration." The presiding judge certified that he gave in charge to the jury this section of the code. The right of the wife as sole heir to take possession of her husband's estate without administration, provided by this section, is "upon the payment of his debts, if any." In *Johnson* v. *Champion,* 88 *Ga.* 527, where it appeared that the husband died without lineal descendants, and the widow took possession of the whole estate on the ground that there were no debts, and it did not appear that there were any, she was treated as his personal representative, in a suit against her by one claiming to be a creditor, so as to render him an incompetent witness. The decision in *Towns* v. *Mathews,* 91 *Ga.* 546, rests largely on the insufficiency of the objection made to an amendment offered. But it was said, that if a man died and his widow took possession of his property under the section of the Civil Code above referred to, and it was desired to have her made a party in his stead, an order should have been passed reciting his death pending the action; that the person sought to be made a party was his widow and sole heir at law; that at the time of his death he owed no debts, or that all his debts had been paid; and making her a party. In *McElhaney* v. *Crawford,* 96 *Ga.* 174, it was recognized that the existence of debts would authorize an administration, but it was held that a claim for damages on account of a libel committed by the decedent was not a debt within the meaning of the statute under consideration. In *Moore* v. *Smith,* 121 *Ga.* 479, where a suit based on a quantum meruit was brought by a son on account of services performed during his father's lifetime, it was held that such an action could be maintained against the father's widow, if it appeared that there was no administration on the estate, that there were no debts due by it except the claim sued on, that the widow was the sole heir, that she was in possession of the property of the estate, and that she took possession without notice of any existing debt due by the estate. This was said in upholding the right of the sole person having a claim against the estate to sue the widow. It was not held broadly that the law only contemplated payment of some of the

debts. See also *Jackson* v. *Green,* 123 *Ga.* 254. Whether, if a widow attempts to pay all the debts of her husband, and substantially does so, but, by reason of want of knowledge of or inability to ascertain one or a few debts, she does not pay them before taking possession, such possession would be legal, or whether it would be illegal and give her no right to sue, and would necessitate an administration, need not be decided. It is certain that the law, which sought to allow a widow to take charge of the property of her husband where she was the sole heir and there were no debts, so as to save her the expense of administration merely for the purpose of collecting the estate together and delivering it to her, does not go to the extent indicated in the request to charge.

2. The court charged, in substance, that the burden was on the plaintiff to make out a case, by a preponderance of the evidence. Exception was taken to this, but no ground of objection was stated. In the abstract, it appears to be a correct general principle of law, unless the defendant admits enough to make out a prima facie case for the plaintiff and assumes the burden of proof. There was no complaint that this charge was inapplicable; nor does it appear that there was any request to charge on the subject of shifting the onus from one party to the other. *Brown* v. *Latham,* 115 *Ga.* 666; *Stansell* v. *Merchants Bank,* 123 *Ga.* 278.

3. The plaintiff admitted that she had allowed the cow to pass into the possession of the defendant, but contended that this possession was permissive, and only allowed temporarily, and that upon demand the defendant refused to surrender it. The defendant contended, that during the lifetime of her brother she had performed services for him, and that he had promised to give her the cow; that after his death his widow asked her if she desired any of the property left by her brother, and she stated that she wanted the cow; that the widow gave it to her and delivered it into her possession; that after the widow remarried, her second husband, having an eye to the size of her estate, coveted the cow and instigated his wife to seek to recover possession of it. Evidence of a witness was admitted to show that during the lifetime of the plaintiff's first husband he told the defendant that she had been good to him, and that he would give her a cow if she wanted to sell the one belonging to her, which she did. The evidence showed that after his death, in the conversation between the two women, the promise,

or, as she termed it, the gift, by the deceased to her, was referred to by the defendant. The testimony to which objection was made was admissible, not as showing a perfect parol gift by the deceased, but as showing a reason for the making or perfecting of the gift by his widow, and as throwing light upon the probability or improbability of the statement that the widow, in the early days of her bereavement, and before her second marriage, gave the cow to her sister-in-law.

4. There was sufficient evidence to sustain the verdict in favor of the defendant; and there was no error in overruling the motion for a new trial.

*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*