## 558. ROWE v. SAM WEICHSELBAUM COMPANY.

1. Where it does not appear on which ground of a motion for new trial a first new trial is granted, this court will presume, where it appears that a different verdict could legally have been awarded (regardless of the reasons assigned by the court for this judgment), that the new trial was properly granted.

2. One whose personal property has been wrongfully withhéld or converted by another may proceed by trover to recover it, or he may waive the tort, adopt the transaction, and treat the wrong-doer as his debtor for the purchase-price. After he has made his election and has sued out an attachment for the purchase-money, and purchased the property thereunder, he can not be heard to deny that the property has been the property of the wrong-doer. Where one has the right to elect between two inconsistent remedies, the election once made is irrevocable, and the reasons for the election are irrelevant in any proceeding subsequently had with reference to the title.

3. One who has elected to waive the tort, and to treat as purchaser one who has wrongfully converted his property, is not thereby estopped to assert, in defense of an action of trover, title derived from a sale of the property under the proceedings instituted by him to collect his debt, although, except for his election, he might have asserted a different title.

4. Where one buys a mule from an agent of the true owner, in ignorance of such ownership, and in the belief that the mule is the property of the agent, the title of the purchaser, though inferior to that of the true owner, asserted by trover, would be superior to the title of such owner, if, subsequently to the conversion, the latter elected to proceed by attachment for the purchase-money, against his bailee, and thereafter recognized the wrong-doer as the owner, by purchasing the property when sold under the attachment. The title derived at sheriff's sale under the attachment would, however, be superior to that derived from the agent of one whose principal himself had no title to the property in question at the time of the levy of the attachment.

Trover, from city court of Dublin—Judge Burch. May 6, 1907. Submitted October 31, 1907.—Decided January 29, 1908.

*J. S. Adams,* for plaintiff. *P. L. Wade,* for defendant.

RUSSELL, J. Rowe brought an action of trover and bail against Sam Weichselbaum Company. The plaintiff elected to take a money verdict, and a verdict was rendered against the defendant for $200, with interest. Upon the defendant's motion, the trial judge granted a new trial, and thereupon the plaintiff excepted. A new trial was granted, "solely upon the ground that the affidavit and purchase-money proceeding based thereon, instituted by Sam Weichselbaum Company against W. L. Moye, should be tried as

.an admission capable of explanation, and not as an estoppel, .and that said admission was fully explained by the evidence at the trial."

1. In view of the positions assumed by counsel for both parties in their briefs, that the grant of a new trial in this case does not fall under the well-established rule that the first grant of a new trial by the presiding judge will not be disturbed, unless it appears that there was a manifest abuse of discretion, we will proceed to determine the points raised by the order granting a new trial, as appears from the reason given in the judgment of the court, above quoted. This case could hardly be said to fall under the rule laid down in *Allen* v. *Schweigert,* 113 *Ga.* 70 (38 S. E. 397), in which it is held that where there are several grounds in a motion for a new trial, and it is granted on one ground only, all grounds of the motion except the one upon which the new trial is granted should be considered as overruled; for this motion is based only upon the given ground, and the statement of the judge is more in the nature of his reason for granting a new trial upon the ground that the verdict was contrary to the evidence, than a ruling upon any one of the grounds, or a decision based upon a special ground. If the judge had stated that he granted a new trial either because the verdict was contrary to law or because contrary to evidence, or if there had been special grounds and he had based his decision upon one of them, the rule in the *Allen* case would apply. In this case we can only speculate as to the ground upon which the judge based, his decision, and we would be justified in holding that where it does not appear on what ground the presiding judge granted a first new trial, this court will presume that he acted on sufficient grounds, unless something to the contrary appears. From the language used by the court in the order granting a new trial, it can be inferred that on the former trial the evidence as to the affidavit and the attachment for purchase-money was treated by the court as showing an estoppel. If this is true, the court evidently granted a new trial because he considered the verdict contrary to law; or more probably the new trial was granted on the ground that the verdict was contrary to evidence; because the concluding portion of the reason assigned by the judge for his judgment is that "said admission was fully explained by the evidence at the trial." As the case is to be tried again, we shall.

proceed to rule upon the point which counsel for both parties insist to be controlling.

2.   The plaintiff in the court below put in evidence the record of a judgment taken by the Weichselbaum Company on an attachment against W. L. Moye for the purchase-price of the mule involved in the present controversy, and proved that the Weichselbaum Company bought the mule at sheriff's sale under that judgment.   Counsel for the defendant in error contends that its action in suing out the attachment and in buying the property constitutes an admission which is not conclusive, and which, even when made under oath, may be disproved by other testimony; and that where an admission is made by mistake, the party is relieved from the conclusive effect.   We hold that the evidence introduced upon this subject should not be treated as a technical estoppel, nor can it be considered as an admission.   The point is made by counsel for defendant in error that it should not be treated as an estoppel, because that issue was not raised by the pleadings.   Generally estoppels are not available unless specially pleaded.   In this action (in which the plaintiff proceeded by trover), from the very nature of the action, the question could not be presented in the petition.   And the plaintiff could not by demurrer have taken advantage of an estoppel, because the answer of the defendant disclosed nothing with reference to the attachment.   Our ruling that the doctrine of estoppel does not enter into this case is based upon the well-settled principle embodied in the Civil Code, §5150, and announced in numerous decisions, that the admission made in judicio, or other admission, must be one upon which the opposite party has acted, either to his own injury or to the benefit of the person making the admission.   See *Brice* v. *Sheffield,* 121 *Ga.* 219 (48 S. E. 925); *Burke* v. *Hill,* 119 *Ga.* 39 (45 S. E. 732); *American Freehold Co.* v. *Walker,* 119 *Ga.* 343 (46 S. E. 426). And yet, although the action of Weichselbaum Company in taking out the attachment is not an estoppel so far as Rowe is concerned (though it would be an estoppel as to W. L. Moye), because Rowe did not buy the property on the faith of Weichselbaum Company's action, and Rowe was not a party to the attachment proceeding, still it can not be considered as an admission subject to explanation so as to allow Weichselbaum Company to repudiate its action in taking out the attachment, or to assert any other title than that

derived by virtue of the sheriff's sale under the attachment. Weich-selbaum Company, having acted with knowledge of the facts when it sued out the attachment, will not be heard to set up a mistake of law, for it is presumed to know the law; but it is not estopped to set up title derived from the sheriff's sale. Its title may or may not be superior or paramount to that of Rowe, dependent upon the view taken of the evidence by the jury upon another trial.

If the doctrine of estoppel entered into the case, Weichselbaum Company would be precluded from asserting title, and the case would then fall under the decision in *Hamilton* v. *Williford, 90 Ga.* 210 (15 S. E. 753); but there is no evidence in the case that the Weichselbaum Company has done any act or made any admission which precludes it from asserting title under its purchase from Mrs. A. I. Moye. It is precluded from asserting title derived immediately from her, because of its own election to disregard this title. An election once made, with knowledge of the facts, between coexistent remedial rights which are inconsistent, is irrevocable and conclusive, irrespective of intent, and constitutes an absolute bar to the maintenance of a defense founded on such inconsistent right. When Weichselbaum Company learned that W. L. Moye, whom it had entrusted with the mule, had converted the mule by an unauthorized sale, it had its option either to take out trover to recover the mule itself, or to waive the tort and proceed against Moye as its debtor for the purchase-price of the mule. No rule of law is more firmly established in this State than that where personal property has been wrongfully detained or converted, and has been sold or otherwise disposed of by the wrong-doer, the owner may proceed, either to recover the property, which is an action of tort, or he may waive the tort and sue on an implied promise to refund the price. Civil Code, §§ 3811, 3903. Weichselbaum Company made its election. It can stand only upon its title under the sheriff, derived from W. L. Moye.

If Rowe purchased from Moye as he claims, believing Moye to be the owner, he must prevail in this suit. If, on the other hand, Rowe purchased from W. L. Moye as the agent of Mrs. A. I. Moye, purchasing the mule as her property, Weichselbaum Com-

pany is entitled to prevail, if the jury believe she had, prior to that time, sold the mule to Weichselbaum Company.

There is a conflict between Rowe and W. L. Moye as to what transpired at the time W. L. Moye swapped the mule to Rowe. Rowe contends that he purchased the mule as the property of W. L. Moye. Moye, on the other hand, testified, that he traded the mule with the statement that the animal was the property of Mrs. A. I. Moye; and that the mule received in exchange for the one involved in this controversy was turned over to Mrs. A. I. Moye; and several circumstances in the evidence seemed to corroborate this theory of the case. The judge may have granted a new trial because he deemed the verdict, in this view of the case, contrary to the preponderance of the evidence. Whether this was his reason or not, in view of the law as announced above and the conflict in the evidence there was no error in awarding a new trial.

*Judgment affirmed.*