### 1090. ALSTON v. FRENCH & MORTON.

1. A plea of estoppel, based upon the ground that a party to a rule told another party to go ahead and furnish supplies to his tenant, that he would not furnish the tenant with supplies or money to make a crop, and was willing for the other party to do so, is not tantamount to a plea that the party who said this is estopped because he did not disclose

that the tenant was already indebted to him, or that he had stated that his tenant was not in fact indebted to him at all.

2. Estoppels are not favored, and must be proved as pleaded. Where it is alleged that a landlord is estopped from setting up his lien, because a merchant was induced to supply his tenant, upon the statement of the landlord that he would not furnish his tenant with any money or supplies to make the crop during the year in question, a verdict setting up the estoppel is not supported by evidence that the landlord stated that the tenant was not indebted to him in any amount, and that by this statement the merchant was induced to furnish the tenant.

Appeal, from Stewart superior court—Judge Littlejohn. February 14, 1908.

.Submitted May 6,—Decided November 10, 1908.

*G. Y. Harrell,* for plaintiff in error.

*J. B. Hudson,* contra.

RUSSELL, J.  French & Morton foreclosed a mortgage in Stewart county court, and the mortgage fi. fa. was levied on the crops of one Warren, which had been raised in the year 1906. Warren was the tenant of N. C. Alston and Alston foreclosed a landlord's lien for supplies furnished his tenant to aid in making the crop. The crop was sold under the mortgage fi. fa., by the sheriff of Stewart county, and Alston claimed that the funds raised from the sale should be first applied to the payment of his lien. Thereupon French & Morton ruled the sheriff, who, in his answer, set up that several fi. fas. had claimed this fund, and he asked the direction of the court. Thereupon French & Morton tendered issue upon the answer, and alleged that Alston was estopped from claiming the fund in priority to their mortgage fi. fa., for the reason that he had told them to go ahead and furnish supplies to Warren, the tenant, for the purpose of making the crop for the year 1906, and had told them that he would not furnish Warren any supplies or money to make said crop; that he told them he was willing for them to furnish Warren, and he would not do so; and, after this statement by Alston, they, in pursuance of said request and consent, furnished Warren supplies to make his crop, and took and recorded the mortgage in question.

The jury found the issue in favor of the mortgagees, and that the landlord was estopped from claiming the fund under his lien. The landlord made a motion for a new trial, which was overruled, and he excepts. Upon the trial W. B. French, over the objection of Alston's attorney, was permitted to testify as fol-

lows: "I took it up with Dr. Alston about furnishing Warren supplies, and asked him the question if Mr. Warren owed him anything, and he said he did not; and I told him if he did not owe him anything and he wanted us to furnish him, we would do it. I asked Dr. Alston if he (Warren) would owe him anything at the end of the year, besides his rent, and he said he would not owe him anything but the rent." The objection made to the evidence was, that there was no pleading authorizing the admission of this evidence; for the reason that the plea of estoppel filed by French & Morton did not contain the allegation that Alston represented that Warren did not owe him anything at the time of the conversation between the parties. The plaintiff in error also objected in the court below to the testimony of W. B. French, that Alston said that Warren did not owe him anything, and that Alston was told that if Warren did not owe him anything and he wanted them to furnish Warren, they would do so, "Dr. Alston having said that Warren would not owe him anything but the rents if we furnished him supplies." The objection to this evidence was, that it was irrelevant, because there was no such allegation in the plea of estoppel. The same objection was made in a different form to other testimony delivered by the witness French. There is no question but that the verdict was authorized under the evidence of Mr. French; the point in the case is, whether the plea as filed was broad enough to include the testimony admitted, and which was duly objected to. We do not think that the testimony that Dr. Alston said that Warren did not owe him anything, and that Warren would not owe him anything but the rents if French & Morton furnished him with supplies, should have been admitted, under the allegations of the amendment to the rule, which sought to estop the landlord. According to the plea of estoppel filed by French & Morton, Dr. Alston had promised not to furnish supplies to his tenant for the year 1906. That is the only inference that could be drawn from the language that he had promised not to furnish supplies to his tenant for that year. If, on the faith of that promise, French & Morton advanced supplies to his tenant, they would have the right to claim priority over any lien arising in his favor for supplies furnished in violation of his promise. As estoppel must be specially pleaded, and proved as pleaded, the evidence should have

been restricted to that point; and the objection of counsel for the plaintiff in error was timely and should have been sustained. The proof that French & Morton were misled by Dr. Alston's false statement that Warren did not owe him anything at the time, while it would have been good ground for estopping Alston, was not the case presented by the pleadings, and any evidence upon that subject was irrelevant to the issue. Estoppels are not favored by the law, and for this reason there should be no relaxation of the rules controlling strictness in pleading, and relevancy in the testimony in support of the pleadings. In the present case, the defendants in error made one case upon paper, and another in the proof. The facts did not fit the pleadings, and the resultant verdict is a legal misfit.                      *Judgment reversed.*