2566. BOYD LUMBER COMPANY et al. v. TYSON.

HILL, C. J. The errors of law assigned are entirely without merit, and the evidence demanded the verdict as directed.  *Judgment affirmed.*

DECIDED OCTOBER 14, 1910.

Complaint; from city court of Douglas—Judge Lankford. February 2, 1910.

*Rogers & Heath,* for plaintiffs in error.  *E. L. Bryan,* contra.

---

2571. MADISON SUPPLY & HARDWARE CO. v. RICHARDSON.

HILL, C. J. 1. A merchant foreclosed in the county court a lien for supplies, against a farmer, and had the execution levied upon the defendant's crops. After this levy the farmer's landlord sued out in a justice's court a distress warrant against him for rent due during the year for which the supplies were furnished, and the constable of the justice's court levied the distress warrant on the crops of the tenant. The merchant and the landlord agreed that a $50 deposit with the constable should be held by him in lieu of any proceeds that might arise from the sale of the crops, and both waived any sale of the crops by the constable. The landlord ruled the constable in the justice's court, and the merchant filed a counter-affidavit contesting the right of the landlord to priority of payment.  *Held:* The justice's court had jurisdiction to hear and determine the rule and to decide the contesting claims of the landlord and the merchant as to the $50 in the hands of the constable.

2. Where a landlord told a merchant that his tenant would owe him 1,000 pounds of lint cotton for rent, and subsequently the landlord rented the tenant an additional quantity of land, making the total rent for all the land 1,400 pounds of lint cotton for the year, the landlord was not estopped by this statement to the merchant from claiming priority of lien for the entire amount of the rent, as against the lien of the merchant for supplies furnished to the tenant.  *Alston* v. *French,* 5 *Ga. App.* 110 (62 S. E. 713).

3. Estoppels are not favored, and, when relied on, must be specially pleaded and proved.

4. The landlord's lien attaches to the whole of the crop of his tenant, and not to a part only.  *Daniel* v. *Harris,* 84 *Ga.* 480 (10 S. E. 1013).

5. While the opening and conclusion of the argument is generally a valuable right, its refusal can not, in any event, be reversible error, where the evidence demanded the verdict.

6. No error of law appears. The evidence demanded the verdict rendered in the justice's court, and there was no error in overruling the certiorari.  *Judgment affirmed.*

DECIDED OCTOBER 14, 1910.

Certiorari; from Morgan superior court—Judge Lewis. March 17, 1910.

*M. C. Few,* for plaintiff in error.  *George & Anderson,* contra.