MALSBY MACHINERY COMPANY *v.* PARKER.

EVANS, P. J. 1. Where the holder of a note wherein title was retained renewed it by taking a new note, reserving title to himself to the same property, and subsequently by mistake of his counsel an attachment was sued out, based on an indebtedness alleged to be due on the first note, which was levied on the same property, and, on discovery of the mistake, was dismissed, and where subsequently a levy was made on the same property by virtue of a fi. fa. in favor of a third party, and the holder of the second note reserving title interposed a claim, it was error to dismiss the claim on the ground that such facts estopped the claimant from insisting on his title to the property. *Cooper* v. *Smith,* 125 *Ga.* 167 (53 S. E. 1013).

2. Where a vendor of personal property takes from the vendee a note reserving title in the vendor until the purchase-money is paid, which is duly recorded, and obtains judgment thereon, both general and special, against his vendee, such suit and judgment do not bar the vendor from asserting his title by interposing a claim to a levy of a fi. fa. in favor of a third party on the property, where the vendor has not filed a deed

or bill of sale to his vendee in the clerk's office, nor caused a levy to be made on the property.

3. Applying the principles enunciated in the foregoing headnotes, the court erred in dismissing the claim.

>                    *Judgment reversed.    All the Justices concur.*
>                         OCTOBER 15, 1912.

Claim. Before Judge Sheppard. Liberty superior court. September 19, 1911.

*J. V. Kelley,* for plaintiff in error.

*L. L. Thomas* and *Way & Burkhalter,* contra.