## COLEY *v.* DORTCH & COMPANY.

HILL, J. 1. Where the answer to a petition for the recovery of personal property admits that the defendant was in possession of the property sought to be recovered, and that he held it for another and refused to deliver it to petitioner, no proof of conversion is necessary. Civil Code, § 4483.

(a) Nor is it necessary that the possession be the defendant's own, but it is sufficient if he holds it as agent of another. *Miller* v. *Wilson,* 98 *Ga.* 567 (25 S. E. 578, 58 Am. St. R. 319); *Flannery* v. *Harley,* 117 *Ga.* 483 (2), 486 (43 S. E. 765); *Merchants Co.* v. *Moore,* 134 *Ga.* 482 (52 S. E. 802).

2. Where the vendor of personal property took promissory notes therefor, reserving title in himself, which were duly recorded, and such vendor sought to obtain a purchase-money attachment against the vendee in order to recover the balance of the purchase-money due, and afterwards brought an action of trover for the recovery of the property itself against one in possession other than the original vendee, it was not error on the trial of the trover suit for the court to refuse to admit in evidence a certified copy of the purchase-money attachment proceeding, and a certified copy of an order dismissing the levy in that case. *Jones* v. *Snider*, 99 *Ga.* 276 (25 S. E. 668); *Cooper* v. *Smith*, 125 *Ga.* 167 (53 S. E. 1013); *Malsby Machinery Company* v. *Parker*, 138 *Ga.* 768 (76 S. E. 53).

3. The verdict was supported by the evidence, and the court did not err in denying the motion for a new trial.

> *Judgment affirmed. All the Justices concur.*
> JANUARY 16, 1913.

Trover. Before Judge Martin. Pulaski superior court. October 2, 1911.

*H. L. Grice*, for plaintiff in error. *H. F. Lawson*, contra.