### 6110. JORDAN v. JENKINS.

WADE, J. 1. The petition for certiorari alleges that this suit was a bail-trover suit, "based on title reserved in sale of the property in controversy; there was about $357 due." The petition further alleges that there was $357.18 "due and unpaid on the contract, said contract being introduced in evidence"—referring to the only contract mentioned, to wit, the contract reserving title to the property. The defendant's answer to the trover suit "shows to the court that the plaintiff claims under a conditional bill of sale," etc.

(a) It is apparent that the plaintiff in the trial court introduced in evidence a written contract reserving title, which the defendant in effect admitted was a sufficient "conditional bill of sale."

(b) Upon proof of the contract the plaintiff was entitled to recover the balance due thereon, since, "as between the original seller and the original purchaser, the agreed price as stated in the contract of sale is prima facie . . evidence of the actual value of the property." *Elder* v. *Woodruff Hardware Co.*, 9 *Ga. App.* 484-486 (71 S. E. 806). See also *Young* v. *Durham*, 15 *Ga. App.* 678 (84 S. E. 165); *Bradley* v. *Burkett*, 82 *Ga.* 255 (11 S. E. 492). In the absence of any proof to the contrary, the plaintiff was authorized to recover the balance due on the contract, with interest. The hire having been written off from the judgment, in compliance with the order of the court, the judgment for the balance due on the contract with interest was proper.

2. It was contended by the defendant that by reason of proof that the plaintiff had, prior to the filing of the bail-trover suit alleging title in himself, sued out an attachment for the balance of the purchase-money of the property described in the trover action, in which attachment proceeding the property was declared to be the property of the defendant, the plaintiff was estopped from setting up its title to the property and maintaining the suit in trover.

(a) The defense of estoppel was neither sufficiently alleged nor proved; the record does not disclose any allegation or proof that the attachment was ever levied or that any legal notice of its pendency was served upon the defendant. It was neither alleged nor proved that the defendant either did or refrained from any act resulting in injury to him, or beneficial to the plaintiff, by reason of the previous attachment proceeding.

(b) To amount to an estoppel, "the admission made in judicio, or other admission, must be one upon which the opposite party has acted, either to his own injury or to the benefit of the person making the admission." *Rowe* v. *Sam Weichselbaum Co.*, 3 *Ga. App.* 506 (60 S. E. 275). See in this connection *Coley* v. *Dortch*, 139 *Ga.* 239-240 (77 S. E 77), in which it was held: "Where the vendor of personal property took promissory notes therefor, reserving title in himself, which were duly recorded, and such vendor sought to obtain a purchase-money attachment against the vendee in order to recover the balance of the purchase-money due, and afterwards brought an action of trover for the recovery of the property itself against one in possession other than the original

vendee, it was not error on the trial of the trover suit for the court to refuse to admit in evidence a certified copy of the purchase-money attachment proceeding, and a certified copy of an order dismissing the levy in that case." See also *Bowen* v. *Frick*, 75 *Ga.* 786 (2); *Mitchell* v. *Castlen*, 5 *Ga. App.* 134-136 (62 S. E. 731); *Jones* v. *Snider*, 99 *Ga.* 276 (25 S. E. 668); *Cooper* v. *Smith*, 125 *Ga.* 167 (53 S. E. 1013); *Malsby Machinery Co.* v. *Parker*, 138 *Ga.* 768 (76 S. E. 53).

(*c*) Even if the suing out of a prior purchase-money attachment could estop the plaintiff from setting-up title to the property described in the attachment as the property of the defendant, no estoppel could result if the attachment proceeding was so defective that no judgment could have been based thereon. There is nothing in the record of this case to show whether or not the attachment proceeding was ever prosecuted to service, that any levy was made thereunder, or that the defendant was in any way called upon to answer the same, and it can not be determined from the record whether. the attachment proceeding was so complete that a judgment could have been rendered therein.

3. No question of "election" under the provisions of § 4331 or § 4500 of the Civil Code is raised by any pleadings in the case.

4. The court did not err in overruling the. certiorari.

*Judgment affirmed.*

DECIDED SEPTEMBER 10, 1915.

Certiorari; from Grady superior court—Judge Cox. September 18, 1914.

*S. P. Cain, Little, Powell, Hooper & Goldstein,* for plaintiff in error.

*Fondren Mitchell, R. C. Bell,* contra. ·