## 7360.  WILSON v. OWEN.

1. There was ample evidence to support the verdict.
2. "When personal property is sold, and the seller retains the title as security for his purchase-money, and the indebtedness matures in installments, he may proceed to rescind the sale and to recover possession of the property as soon as any of the installments become due and remain unpaid." *Scott* v. *Glover*, 7 *Ga. App.* 182.
3  A vendor of personal property holding a note for the purchase-price, in which title is retained in himself, is not estopped from bringing an action of trover for the property by the fact that he has previously sued out a purchase-money attachment.

DECIDED JANUARY 23, 1917.

Trover; from city court of Atlanta—Judge Reid.  December 18, 1915.

*R. W. Crenshaw,* for plaintiff in error.   *G. B. Rush,* contra.

BLOODWORTH, J.  W. H. Owen, defendant in error, brought suit in the city court of Atlanta, alleging, that A. E. Wilson, plaintiff in error, was in possession of certain property to which petitioner claimed title; that he had made demand on defendant for said property and "the profit thereon," both of which demands were refused.  In his plea defendant admitted possession of the property described in the petition, but denied that plaintiff had any right or title therein.  He also denied that plaintiff had made demand as alleged in his petition.  Defendant amended his plea as follows: "That on or about April 14th, 1914, the plaintiff and the defendant settled their differences in the following manner:  The plaintiff agreed that if the defendant should execute and deliver to him two promissory notes of fifty dollars each, indorsed in a manner satisfactory to said plaintiff, the said plaintiff would then render to the said defendant the note and contract outstanding between them, and mark same cancelled; that on the date first named above it did in pursuance of said offer execute and deliver to the said plaintiff two notes representing the amount then owing by him, which said notes were indorsed satisfactorily to the plaintiff; that the plaintiff never fulfilled his promise to deliver up to him his outstanding note and contract, although he was repeatedly requested to do so, nor did he ever comply with his agreement to cancel said contract."  The evidence for the plaintiff showed that he sold the property described in the petition to defendant for $235, $100 of which was paid in cash and a note executed for $135; that when said note

fell due there was a payment of $35 made thereon and a new note given for $100; that when said note fell due it was not paid, and plaintiff sued out purchase-money attachment; that this suit was settled by defendant executing two notes of $50 each, bearing an indorser; and that on several occasions' he demanded the property from defendant. The contract of sale in which title was reserved was introduced, and the two notes for $50 each. Defendant swore that while the attachment proceedings were pending he executed and delivered to petitioner two notes for $50 each, bearing an indorser, which plaintiff agreed to accept in settlement of said purchase-money attachment proceedings; and that plaintiff had never made demand for the possession of the property described in petition. In rebuttal plaintiff testified that he did not agree to accept the two notes of $50 each and cancel the bill of sale, but accepted the two notes as additional security. The trial resulted in a verdict for the plaintiff in the sum of $100 principal and $12.67 interest. Thereupon the defendant (now plaintiff in error) moved for a new trial on the general grounds, and later amended this motion and alleged that "a new trial should be granted him, (1) because the evidence adduced at the trial shows that the defendant abandoned whatever title he had to the property described in the petition when he accepted the two notes of $50 each, indorsed as described in said brief of evidence, in settlement of the purchase-money attachment proceedings which were pending in the justice court for the 1234 district G. M.; (2) because it appears from the evidence that at the date said action in trover was filed by the plaintiff there was only one of the said $50 notes due, and that, as to $50 of the amount, said action was premature." It will be noted that the first ground of the amendment to the motion is simply an amplification of the general ground that the verdict is contrary to the evidence. The motion was refused and the defendant excepted.

1. There was ample evidence to support the verdict. The contention of the plaintiff in error that there was no proof of the value of the property is without merit. "As between the original seller and the original purchaser, the agreed price as stated in the contract of sale is prima facie, but not conclusive, evidence of the actual value of the property." *Elder* v. *Woodruff Hardware Co.,* 9 *Ga. App.* 484, 486 (71 S. E. 806); see also *Young* v. *Durham,* 15 *Ga. App.* 678 (84 S. E. 165). No effort was made to overcome

the prima facie case made by the plaintiff when he introduced the contract of sale and note. "Where personalty was sold, and the vendor retained the title until it was paid for, the amount of purchase money due, with interest, is the measure of damages recoverable in trover." *Horne* v. *Guiser Mfg. Co.*, 74 *Ga.* 790; *Fussell* v. *Heard*, 119 *Ga.* 527 (46 S. E. 621); *Jordan* v. *Jenkins*, 17 *Ga. App.* 58 (86 S. E. 278).

2. The second ground of the amended motion, as set out above, is without merit. "When the seller of personal property on credit takes notes payable in installments for the purchase price, and retains the legal title as security for his debt, he may rescind the conditional sale and recover the property in trover (doing equity as to any payments made), as soon as any part of the purchase price becomes due and remains unpaid." *Scott* v. *Glover*, 7 *Ga. App.* 182 (66 S. E. 380). Besides, the jury found adversely to the contentions of the plaintiff in error that defendant in error "abandoned whatever title he had to the property described in the petition when he accepted the two notes of $50 each, indorsed as described in said brief of evidence, in settlement of the purchase-money attachment proceedings which were pending in the justice court."

3. There is nothing in the contention of the plaintiff in error that "when plaintiff sued out his purchase-money attachment for the property sold, and to which title was retained, he abandoned his title and waived his rights subsequently to institute trover proceedings for the same property." "The record does not disclose any allegation or proof that the attachment was ever levied or that any legal notice of its pendency was served upon the defendant. It was neither alleged nor proved that the defendant either did or refrained from any act resulting in injury to him, or beneficial to the plaintiff, by reason of the previous attachment proceeding." *Jordan* v. *Jenkins*, supra. See also *Coley* v. *Dortch*, 139 *Ga.* 239-240 (77 S. E. 77).

*Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*