8750.  BOSTON OIL AND GUANO COMPANY *v.* WILLIAMS.

JENKINS, J.  1.  The admission of the parol testimony of the plaintiff,
     complained of in the first assignment of error, was not such harmful
     error' as to require the grant of a new trial, since the defendant ad-
     mitted in its answer the quantity, quality, and price of the cottonseed
     meal sold by it to the plaintiff.

2. "Cottonseed meal is a 'commercial fertilizer' and 'fertilizer material' within the meaning of the act of the General Assembly, approved August 22, 1911, (Acts 1911, pp. 172, 173; Park's Ann. Code, §§ 1778 (a), 1778 (b), 1778 (c), 1778 (d), and 1778 (e))." *Williams* v. *Boston Oil & Guano Co.*, 19 *Ga. App.* 190 (91 S. E. 222).

3. Since cottonseed meal is a commercial fertilizer and fertilizer material, the provisions of section 1773 of the Civil Code (1910), that "A copy of the official analysis of any fertilizer or chemical, under seal of the department of agriculture, shall be admissible as evidence in any of the courts of this State, on the trial of any issue involving the merits of said fertilizer," are applicable to a suit involving the merits of cottonseed meal as well as to a suit involving the merits of any other fertilizer material or commercial fertilizer. *Arlington Oil & Guano Co.* v. *Swann*, 13 *Ga. App.* 562 (5), 568 (79 S. E. 476).

4. The court did not err in admitting in evidence the certified copy of the analysis of the cottonseed meal, since any analysis which is of record in the agricultural department is prima facie official, and the evidence in this case in fact showed that it was made from samples furnished by an inspector of fertilizers. *Jones* v. *Cordele Guano Co.*, 94 *Ga.* 14, 20 (20 S. E. 265).

5. The question whether or not the plaintiff is estopped from maintaining his suit for the penalty prescribed by statute, and for the recovery of the shortage in commercial value, by reason of his having used the cottonseed meal with full knowledge of its deficiency after the defendant had offered to take it back or pay the difference in commercial value, can not now be considered, since this question was not raised in the pleadings. *Rowe* v. *Sam Weichselbaum Co.*, 3 *Ga. App.* 504, 506 (60 S. E. 275); *Madison Supply &c. Co.* v. *Richardson*, 8 *Ga. App.* 344 (3) (69 S. E. 45).

6. The other assignments of error are without merit. The evidence demanded a verdict for the plaintiff, and the court did not err in so directing.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*
DECIDED JANUARY 29, 1918.

Complaint; from city court of Thomasville—Judge W. H. Hammond. March 24, 1917.

*Titus, Dekle & Hopkins,* for plaintiff in error.
*Branch & Snow, Merrill & Grantham,* contra.