### 9466.   BARBEE *v.* CABLE PIANO COMPANY.

BLOODWORTH, J.   The court did not err in any of the rulings of which
complaint is made, and properly directed a verdict for the plaintiff.

    *Judgment affirmed.   Broyles, P. J., and Harwell, J., concur.*

        DECIDED OCTOBER 22, 1918.

    Trover; from city court of Savannah—Judge Freeman.   December 6, 1917.

    1.   On November 21, 1916, the Cable Piano Company brought
trover against Mrs. Nellie Barbee for a piano. . On the trial the
plaintiff introduced in evidence two papers dated August 30, 1913,
signed by C. W. Barbee, each of which was an agreement to pur-
chase from the Cable Piano Company the piano in question and
to pay the purchase-price ($350) partly in cash, partly "in trade"
(another piano), and the remainder in monthly installments; the
title to the property to remain in the vendor until full payment of
the purchase-money.   In one of these papers it was stated that the
Cable Piano Company agreed to sell the piano to Mrs. Nellie Bar-
bee, that she had made the stipulated cash payment, and had paid
in trade a certain piano valued at $25; that she agreed to keep the
piano at her residence and not to remove it without written con-
sent of the piano company, and that in the event of failure to
make the agreed payments, the piano company should, at its op-
tion, have the right to retake the piano, rescind the contract, and
retain as liquidated damages the payments made by Mrs. Barbee.
From the evidence at the trial it appeared that the piano was in
the possession of the defendant, that no purchase-money had been
paid other than the payments made at the time of the purchase, as
recited in the papers introduced in evidence, and that she refused
to allow the plaintiff to take possession of the piano on demand.
At the conclusion of the plaintiff's evidence the defendant moved
that a nonsuit be granted, on the grounds, that the papers intro-
duced in evidence showed that there was no agreement to sell the
piano to C. W. Barbee, that the agreement was to sell to Mrs.

Barbee, who did not sign, that it did not bind her, and that the two papers, taken together, did not operate to retain title in the plaintiff, so as to entitle the plaintiff to recover the property from the defendant.  It was contended that the agreement was unilateral and lacking in mutuality.  The court refused to grant a nonsuit.

2.  In the defendant's answer to the plaintiff's petition she set up that in May, 1914, the plaintiff filed a suit against her and C. W. Barbee for the purchase-price of the piano in question, that the suit was dismissed as to her, on general demurrer, and that by that suit the plaintiff elected to recognize the title to the piano to be in her, and therefore the plaintiff could not recover in this action.  The record of the former suit was offered in evidence by the defendant, in support of this plea, and was excluded by the court, on objection by the plaintiff, on the ground that it was irrelevant and that the former suit did not constitute such an election.  From the record it appeared that as to C. W. Barbee the former suit was dismissed for want of prosecution.

3.  The defendant's answer denies that she is in possession of the piano as an individual, and sets up that it was in the possession of her husband, C. W. Barbee, at the time of his death on September 9, 1915, that there has been no administration on his estate, and that he has left as his heirs the defendant and named children, and that the defendant has refused to deliver the property to the plaintiff for the reason that the plaintiff has no right to it, and because the defendant has no right to surrender property belonging to the estate of C. W. Barbee.  On the trial she offered evidence to show the facts alleged in this plea, and to show that the demand on her for the return of the property was made after the death of C. W. Barbee.  The court refused to admit such evidence, counsel for the plaintiff objecting to it, on the ground that it was irrelevant and constituted no defense, since the plaintiff would have the right to recover the property from whomsoever might be found in possession of it.

4.  An amendment to the defendant's answer was tendered, in which it was alleged that the plaintiff's agent had tried to induce her to buy a piano and she refused to do so, and that in her absence and without her knowledge or consent he persuaded her husband to sign the contracts for the purchase of the piano in question and to give to the plaintiff a piano that she owned; that she

immediately notified the plaintiff to return her piano and to take the other piano, and the plaintiff refused to do so; and that the plaintiff was not entitled to recover the piano sued for, until the return of her piano or its value. The court, on objection, held that these allegations constituted no defense, and refused to allow the amendment.

5. There being no further evidence, the court directed a verdict in favor of the plaintiff for the property in question. To this and to the rulings stated above the defendant excepted.

*Anderson, Cann, Cann & Walsh,* for plaintiff in error, cited: As to the contract: *Murrow* v. *Southern Express Co.*, 101 *Ga.* 810. Election by former suit: *Rowe* v. *Weichselbaum Co.*, 3 *Ga. App.* 504; *Kennedy* v. *Manry*, 6 *Ga. App.* 816; *Bacon* v. *Moody*, 117 *Ga.* 207. As to the defense stated in paragraph 3 above: *Gouldsmith* v. *Coleman*, 57 *Ga.* 425; *Tift* v. *Collier*, 78 *Ga.* 194, 196; *Demmons* v. *Booker*, 128 *Ga.* 83; *Hill* v. *Maffett,* 3 *Ga. App.* 89; *Johns* v. *Johns*, 23 *Ga.* 31; *Dudley* v. *Isler*, 21 *Ga. App.* 615 (3). As to the amendment: *Hays* v. *Jordan*, 85 *Ga.* 741, 742; *Scott* v. *Glover,* 7 *Ga. App.* 182, 183.

*Osborne, Lawrence & Abrahams,* contra, cited: *Wilmerding* v. *Rhodes-Haverty Furniture Co.*, 122 *Ga.* 312; *Jordan* v. *Jenkins*, 17 *Ga. App.* 58; *Coley* v. *Dorlch*, 139 *Ga.* 239; *Bowen* v. *Frick*, 75 *Ga.* 786 (2); *Malsby Machinery Co.* v. *Parker*, 138 *Ga.* 768; *Jones* v. *Snider*, 99 *Ga.* 276; *Cooper* v. *Smith*, 125 *Ga.* 167; *Mitchell* v. *Castlen*, 5 *Ga. App.* 134-5; *Winkles* v. *Simpson Grocery Co.*, 138 *Ga.* 487; *Elder* v. *Woodruff Hardware Co.*, 9 *Ga. App.* 484; *Thornton* v. *Otto Gas Engine Co.*, 7 *Ga. App.* 587; *Young* v. *Durham*, 15 *Ga. App.* 679 (5a). *Rowe* v. *Weichselbaum Co., Kennedy* v. *Manry,* and *Bacon* v. *Moody,* supra, distinguished.