## 412. RHODES & SON FURNITURE COMPANY *v.* JENKINS.

1. An action for money had and received lies in behalf of the plaintiff to recover his money in the hands of a defendant, who, in equity and good conscience, has no right to retain the same.
2. If one sells the property of another without authority, the owner may waive the tort and sue him for the money; likewise, if one wrongfully obtains the money of another, he may waive his damages and sue for money had and received.
3. A constable's sale, not held at the time and place and in the manner provided by law, is void. Civil Code, § 4166. Where an attachment for purchase-money is levied on property to which the plaintiff in attachment has reserved title, the sale is void unless prior thereto § 5432 of the Civil Code be complied with.

4. A seizure and illegal sale and purchase at such sale of the property by the vendor who had theretofore sold such property under a conditional contract of sale effects a rescission of the contract, and the purchaser is entitled to recover the amount of the purchase-price paid by him, less the reasonable value of its use while in his possession.

Certiorari, from Richmond superior court—Judge Hammond. February 2, 1907.

Argued June 21,—Decided October 3, 1907.

*Dorsey, Brewster, Howell & Heyman, C. A. Picquet, Walter Pearce*, for plaintiff in error. *Austin Branch*, contra.

RUSSELL, J. The defendant in error, Christopher Jenkins, brought suit, in a justice's court, against Rhodes & Son Furniture Company, for money had and received, and obtained a judgment in his favor. The furniture company carried the case to the superior court by certiorari, averring that the verdict of the jury in the justice's court was error, because: " (*a*) It was contrary to the law and the evidence. (*b*) The action declared upon was for an open account, while if defendant had any remedy whatever, it was a suit in tort, for damages. (*c*) That, under the evidence, the suit attached to the summons set forth no cause of action. (*d*) That the evidence disclosed that an attachment for the purchase-money had been brought by petitioner against plaintiff, in the notary public ex-officio justice of the peace court, 120th district, G. M., of Richmond county, and judgment rendered, and property sold under said judgment; and the suit in question was a collateral attack upon said judgment, upon the ground that the property had not been properly sold. (*e*) That the evidence disclosed that $33.25 sued for had been voluntarily paid petitioner, without fraud or duress, and therefore could not be recovered." The certiorari, coming on to be heard on February 2, 1907, was overruled and dismissed by his honor Judge Hammond of the superior court.

It appears, from the evidence in the justice's court, that the plaintiff, Christopher Jenkins, purchased from the A. G. Rhodes & Son Furniture Company a lot of furniture on the installment plan. The payments were to be one dollar a week, and the plaintiff had paid $33.00. He was behind two weeks in his payments. Defendant's agent demanded the balance. Plaintiff's wife was sick, and he informed the company of this fact. The furniture company refused to wait, and swore out an attachment for the

purchase-money, under which the property was seized. The plaintiff was absent from his home at the time of the levy, and his wife was sick in bed in confinement, and unable to object. Under the attachment the property was sold, part at the court ground and part at Rhodes Furniture Company's store. The plaintiff demanded the amount he had paid of the furniture company, and they refused to pay his money back. Judgment by default was rendered against the defendant on the attachment, on June 27, 1906, and the property was sold by the constable, as above stated, and purchased by the A. G. Rhodes & Son Furniture Company themselves on July 25, 1906. The attachment was levied May 18, 1906, and the plaintiff began his suit June 18, 1906.

To the suit filed by Jenkins to recover the money paid by him the defendant set up the attachment proceedings and pleaded that it was not indebted to the plaintiff. In other words, it insisted that it was entitled to have both the furniture and the money that had been paid for it. The jury in the justice's court and the judge of the superior court thought otherwise, and we concur in their judgment. The learned counsel for plaintiff in error argues that "Jenkins admitted that he made the contract to buy the property; admitted that he was in default on the payments; admitted that the property had been seized by a constable. He did not allege or set up any fraud, and his sole excuse for not promptly meeting his payments was that he had had sickness in his family which had interfered with his payments." Counsel in his brief insists that the certiorari should be sustained upon all its grounds, and that the verdict was contrary to law and the evidence. It is insisted that the suit should have been "one in deceit or fraud" and was one improperly brought for money had and received, because the evidence did not disclose any contractual relation by which the furniture company was to refund any of the money. The main contention of the plaintiff in error, however, is that Jenkins' rights, if any, are precluded by the judgment in the attachment proceeding. The action was properly brought for money had and received. This action lies in all cases for the plaintiff's money in the hand of the defendant, which in equity and good conscience he has no right to retain; and it is necessary for the plaintiff to prove only two things: his right to the money, and the defendant's possession. "Whenever the plaintiff could recover in a court of equity, he can recover in

an action for money had and received. Chitty on Con. 474. 2 T.
R. 153; 1 Cowper R. 372; 6 Peters. 68. This is also ruled in the
7th *Ga.* 68, 69." *Philips* v. *Crews,* 65 *Ga.* 277. The $33.25, which
the plaintiff had paid the defendant, was in the defendant's pos-
session. The only question, then, was the right of the plaintiff to
this money. If the plaintiff showed that he paid the money, he
would have the right to require the defendant to account for it,
and would be entitled to recover, unless the defendant showed
cause why he should not refund it. This the defendant attempted
to do by evidence of the attachment, judgment, and sale thereunder.
If the defendant had shown a proper judgment and legal sale there-
under, the plaintiff's action would have been defeated, but the sale,
for two reasons as shown by evidence, was utterly void. According
to the testimony of the constable himself, part of the property was
sold at the place of holding justice's court and the remainder at
the furniture company's place of business. There was no evidence
that the sale took place within the legal hours of sale, or that the
advertisement was posted at three public places, as required by law.
Civil Code, §§ 4165, 4166. The judgment set up by the defendant
as a defense was not collaterally attacked, as insisted, but the
sale thereunder properly disregarded as void. The contract evi-
dencing the purchase of the furniture by Jenkins is called, through-
out, a rent contract, and all the payments to be made are designated
as rent; but under the decision in *Hays* v. *Jordan,* 85 *Ga.* 742 (fol-
lowed in *Ross* v. *McDuffie,* 91 *Ga.* 121; *Blitch* v. *Edwards,* 96 *Ga.*
610; *National Bank* v. *Goodyear,* 90 *Ga.* 728; *Halliday* v. *Bank of
Stewart County,* 112 *Ga.* 464; *Glisson* v. *Heggie,* 105 *Ga.* 33;
*Snelling* v. *Arbuckle,* 104 *Ga.* 366; *Cottrell* v. *Merchants Bank,* 89
*Ga.* 519), it is not a lease, but a contract of conditional sale with
the title reserved in the vendor, and no quitclaim conveyance being
shown to have been filed and recorded prior to the levy and sale,
the sale was for that reason also void. Civil Code, § 5432. *Cooper*
v. *Smith,* 125 *Ga.* 167; *Cade* v. *Jenkins,* 88 *Ga.* 791; *Glisson* v.
*Heggie,* 105 *Ga.* 33. The furniture company elected to rescind the
contract and retake the property. The contract was at an end.
Having made their election, they could not keep plaintiff's money.
He was entitled to recover what he had paid, less a reasonable
amount for the use of the property during the time while he had
it in possession. The amount to be thus deducted was to be fixed

by the jury; and as the defendant introduced no evidence as to the value of the use, it can not complain that the jury only made a deduction of twenty-five cents. It could not complain, in the absence of such evidence, if the jury had made no deduction at all. We agree with learned counsel for plaintiff in error that it is immaterial why the defendant in error defaulted in his payments, and that the furniture company had the right to retake the property, regardless of Jenkins' misfortunes; but when it retook the furniture and at a void sale itself became the purchaser, it became liable, under the uniform current of authority, to account to Jenkins for the money received by it from him on a contract which itself preferred to abandon. The point is, not whether the plaintiff below had a good reason for his default (in law he had none), but whether the vendor, who had reserved title, elected to stand on its title or proceed without regard to the contract. It elected the latter, and must abide the consequences.

*Judgment affirmed.*