## 826. INGRAM v. McCASKEY REGISTER COMPANY.

The defendant having renounced his contract of purchase, the plaintiff was entitled to maintain his suit upon the contract without furnishing as a gratuity certain articles which formed no part of the contract; and it was not error to overrule a petition for certiorari complaining of a judgment for the unpaid balance of the purchase-price stipulated in

the contract, regardless of the failure to deliver certain articles contracted to be furnished free, in the absence of evidence sustaining a proper plea of partial failure of consideration.

Certiorari, from Richmond superior court—Judge Hammond. September 27, 1907.

Submitted January 20,—Decided February 11, 1908.

*F. W. Capers,* for plaintiff in error. *Austin Branch,* contra.

RUSSELL, J. The defendant in error brought suit in a justice's court against the plaintiff in error on a contract by which a cash register was sold to the plaintiff in error for $60, of which $6 was payable in cash and the balance in six monthly payments of $9 each. The consideration of the contract is stated as follows: "One McCaskey Account Register, Style No. Reg. No. of accounts 140. In consideration of above I agree to pay to the McCaskey Register Company $60, being price of register and the supplies herein ordered, f. o. b., Alliance, O." In the corner of the contract appears the following:

"Extra supplies at list price.

.....................Register Slips ...................

.....................Account Books ..................

.....................O. Book Cover ...................

.....................Inventory Book ..................

.....................Announcement Sheets .............

Price of Register ..................................60.00
                                                    ———
    Total ..........................................60.00."

On the back of the contract are the words: "Following supplies sent free with register: 10,000 register slips, 25 limit credit cards, 50 delinquent envelopes, 100 balance record envelopes, 2 patent indexes, 1 individual account book, 1 total record book, 3 daily record pads, 3 cash record pads, 1 delinquent sheet, 1 set index cards, 3 leather covers, 25 miscellaneous cards, 1 invoice book, 1 slip holder for each regular account in register." The contract contained quite a number of stipulations immaterial to the present discussion. The defendant filed the following plea: "That this defendant did purchase under written contract one McCaskey register from the plaintiff; that this register was purchased upon condition that the following supplies would be sent free with the register, to wit: 10,000 register slips, 25 limit credit cards, 50 delinquent envelopes, 100

balance record envelopes, 2 patent indexes, 1 individual account book, 1 total record book, 3 daily record pads, 3 cash record pads, 1 delinquent sheet, 1 set index cards, 3 leather covers, 25 miscellaneous cards, 1 invoice book, 1 slip holder for each regular account in register; that the defendant has never complied with this condition subsequent to his contract, and has no right to ask judgment against this defendant until he has complied with his part of the contract upon which he sues."

On the trial the plaintiff introduced the contract and a letter, dated July 3, 1903, which the defendant admitted was written in his behalf by his daughter, as follows: "I write in regard to the account register which I took through transfer from your agent when he was here on June 27th. I find that I will not be able to pay for the account register; therefore I wish to notify you, so that you can dispose of it to some one else, as I will not use it any more." The defendant testified that the plaintiff did not furnish him with the supplies, and that he never demanded them. Judgment was rendered against the defendant for $54 and costs. The case was carried by certiorari to the superior court; and exception is taken to the order of the judge of the superior court dismissing the same.

We think the judgment of the judge of the superior court in dismissing the certiorari was right. In the first place, the plea of the defendant amounted to a plea of failure of consideration and was not sustained by evidence showing to what extent the consideration failed, so as to enable the court to properly estimate and allow the same. In the next place, the contract was made June 27, 1906, at Augusta, and in a week's time, to wit, on July 3, following, the defendant repudiated the contract; and this absolved the plaintiff from the duty of furnishing anything further, and authorized him to sue for the breach of the contract.

Pleadings are not required to be strictly technical in a justice's court. The summons is not sent up in the record, and we do not know what particular verbiage was used in the summons of the justice to designate the form of the action, or whether there was a petition or statement of the case attached to the summons, as well as the contract. In the petition for certiorari, the action is said to be a suit upon a contract. By this may be meant a suit on account for the unpaid balance of the purchase-price of the register;

·or the language may be used to convey the idea that the action is ·one for damages for breach of the contract. In either event, under the evidence of the renunciation of the contract, furnished by defendant's letter, the plaintiff was authorized to proceed with the :suit and to recover whatever might be the true amount due. But the controlling reason why judgment should have been rendered for the plaintiff for the full balance, and why the judge of the superior ·court properly dismissed the certiorari, is that it appeared from the face of the contract itself that nothing was sold except the cash register, and its delivery is admitted.

It is clear, from the list with the blanks to be filled, which appears in the corner of the contract and which we have quoted, that the words "supplies herein ordered" refer to that blank. None of these blanks are filled. From this it conclusively follows that no supplies were ordered or were purchased or were included within the terms "supplies herein ordered." The offer to donate or furnish free the articles on the back of the contract, subsequent to it, is no part of the consideration moving to the contract, because it was subsequent to it; and even if the offer of this gratuity was worth anything to the defendant, it would have had to be set off and the value of the articles shown.

The case of *Bennett* v. *Burkhalter*, 128 *Ga.* 154, cited by learned ·counsel for plaintiff in error, in which it is said that "it was incumbent upon the plaintiff, before he would be entitled to a verdict, to show, by evidence, that he had performed the services in the contemplation of the parties at the time that the contract was entered into," is not adverse to our holding; because it can not reasonably be inferred that anything was within the contemplation ·of the contracting parties or was included in the contract besides the register; and the evidence shows that it was delivered. The ·company did not obligate itself, in its contract, to furnish supplies, but expressly stipulated that they were sent free. The contract itself makes no reference to that, and it is not shown that the promise of these supplies induced the purchase of the register. There was no evidence as to the value of the supplies. When Ingram, by his letter, renounced the contract, the company had the right to sue for the breach. And since the defendant failed to introduce any evidence by which the amount of his damages, due to the failure of the company to send the supplies they offered to fur-

nish him free, could be determined (even if his plea of failure of consideration could be otherwise sustained on principle), for failure of a measure the judgment was necessarily for the full amount of the purchase-price. *Rhodes* v. *Jenkins,* 2 *Ga. App.* 475 (58 S. E. 897); *Grier* v. *Enterprise Stone Co.,* 126 *Ga.* 17 (54 S. E. 806); *Clegg-Ray Co.* v. *Indiana Scale Co.,* 125 *Ga.* 558 (54 S. E. 538); 9 Cyc. 763.            *Judgment affirmed.*