1437.   JOHNSON *v.* WALTER J. WOOD STOVE COMPANY.

1. Where an attachment for purchase-money of personal property to which the plaintiff in attachment has reserved title is served by seizure of the property, before the property can be levied upon and sold under final judgment and execution the plaintiff must convey it by quitclaim to the defendant. But this conveyance is not necessary before the issuance of the attachment and the seizure of the property thereunder.
2. In an attachment for purchase-money, the plaintiff is entitled to a general judgment in personam, as well as a judgment on the attachment, by giving the defendant the notice prescribed in the Civil Code, § 4557.
3. Under the evidence in this case, the magistrate was fully authorized to render a judgment on the attachment, for the balance of the purchase-money, and also a general judgment against the defendant.

Certiorari, from Fulton superior court—Judge Ellis. September 8, 1908.

Argued December 10, 1908.—Decided April 15, 1909.

*S. D. Johnson,* for plaintiff in error. *Francis L. Eyles,* contra.

HILL, C. J. The Walter J. Wood Stove Company sued out an attachment against Johnson for the purchase-money of a stove, under which attachment the stove was seized by a constable. Notice in writing of the pendency of the attachment and of the seizure of the property thereunder was served personally on the defendant, ten days before final judgment, as preliminary to a general judgment, according to the provisions of the Civil Code, § 4557. Attached to this notice was a copy of the attachment proceedings, and a copy of the conditional contract of purchase, with a statement of the account, sworn to, showing the balance due thereon. There was no defense, and the justice, after the introduction of the papers showing the contract of purchase and the seizure of the personal property described in the contract, under the attachment, and after hearing oral evidence as to the balance due, and evidence of the service of the notice on the defendant for a general judgment, rendered a judgment in rem for the amount proved to be due, and a general ·judgment against the defendant for the same amount. The defendant thereupon filed his petition for the writ of certiorari, in which he attacked the validity of the attachment proceedings and the special judgment thereon, on the ground that there could be no seizure under this attachment, or special judgment thereon, until the personal property to which the plaintiff had reserved title had been conveyed by

5

it to the defendant; in other words, that §5432 of the Civil Code requires that a reconveyance be made before the seizure of the personal property under the attachment and a judgment thereon. He also alleged, in his petition, that the justice entered two judgments against him, when there should have been but one judgment, with direction to the constable to sell the personal property to satisfy the judgment. He further alleged that there was no proof before the magistrate authorizing him to enter either of the judgments rendered. The superior court, on hearing the certiorari, overruled it; and the defendant excepted.

1. In the case of *Rhodes Furniture Co.* v. *Jenkins,* 2 *Ga. App.* 475 (58 S. E. 897), following the decision of the Supreme Court in *Cooper* v. *Smith,* 125 *Ga.* 167 (53 S. E. 1013), this court held that the provisions of §5432, supra, applied to a levy and sale of the property under a final judgment, and did not apply to an attachment, and seizure of the property thereon; in other words, that the reconveyance or transfer of title by the plaintiff was only necessary to be made prior to the levy of the execution under final judgment.

2. The Civil Code, §4557, entitles the plaintiff in an attachment for purchase-money to a general judgment against the defendant, in addition to a judgment on the attachment, when the provisions of the section with reference to giving the notice have been complied with, as seems to have been done in this case.

3. This attachment proceeding was in a justice's court, where there is no necessity to file a declaration in attachment; neither was the summons a necessary part of the attachment proceeding. It appeared before the magistrate that the attachment had been duly served by seizure of the property described therein, and that this property, when seized, was in the possession of the defendant. The original contract of purchase was proved; the balance due on account was also proved by the testimony of the plaintiff, and it was shown that the written notice required by the statute, which entitled the plaintiff to a general judgment, had been duly given to the defendant. Under these facts, there was nothing to do but enter up judgment in rem for the amount shown to be due, and also a general judgment against the defendant for such amount. The judgment overruling the certiorari must therefore be

*Affirmed.*