### 3452. FREEMAN v. MAXWELL FURNITURE CO.

The discretion of the judge of the superior court in the first grant of a new trial upon certiorari will not be controlled, unless it is manifest that there was an abuse of discretion.

DECIDED JANUARY 15, 1912.

Certiorari; from Richmond superior court—Judge H. C. Hammond. March 15, 1911.

*I. S. Peebles Jr., T. F. Harrison,* for plaintiff in error.

*B. B. McCowen,* contra.

RUSSELL, J. Upon the hearing the judge of the superior court entered a judgment sustaining the certiorari, with cost against the defendant in certiorari. No final direction was given to the case, and, though the judge of the superior court, in his discretion, might have instructed the lower court upon the principles which should govern another trial, this duty was not mandatory. The sustaining of a certiorari, without the entry of a final disposition of the case, has the same effect as the granting of a new trial upon motion therefor.

There were several errors in the trial in the justice's court, any one of which would have authorized the judge to sustain the certiorari. Nothing is better settled than the principle announced in *Fair* v. *Metropolitan Life Insurance Co.,* 2 *Ga. App.* 376 (58 S. E. 498) : "Unless the judgment rendered is absolutely demanded by the evidence, the first grant of a new trial on certiorari will not be interfered with." The case at bar seems to be controlled by the

ruling in *Rhodes Furniture Co.* v. *Jenkins, 2 Ga. App.* 475 (58 S. E. 897), but from the testimony in the record there is some question as to which party rescinded the contract. Another trial may more satisfactorily resolve this doubt in favor of one party or the other. *Judgment affirmed.*