## WYNN & ROBINSON *v.* TYNER.

1. Where a seller of personal property on credit took from the buyer an instrument promising to pay the purchase-price amounting to $175, and providing that the title to the property should remain in the seller until the amount was fully paid, such instrument created a reservation of title as security. It was not a mortgage, and could not be foreclosed by the summary statutory method applicable to mortgages on personalty.

2. Where sellers of personal property took from the buyer a written instrument promising to pay the unpaid purchase-money and agreeing that the title to the property should remain in the sellers until payment in full, and in the instrument was inserted an agreement by the buyer, that upon default in payment the sellers might, "in addition to any other remedies provided by law for the enforcement of the collection hereof, at their option elect to treat this instrument as a mortgage upon the property title to which is retained by the said [sellers] by the terms hereof, and upon the execution of a bill of sale to the maker or makers hereof to such property, and the filing and recording of such bill of sale in the office of the clerk of the superior court, . . shall give the right to the said [sellers] to proceed to foreclose this instrument as a mortgage upon said property, together with the other property herein mortgaged, in the same manner as mortgages upon personal property are foreclosed under the laws of this State," the parties could not by such an agreement make the instrument one both retaining title and not retaining title; nor could they by such agreement make a summary statutory proceeding applicable by law to one character of instruments applicable by agreement to another.

APRIL 18, 1913.

Mortgage foreclosure. Before Judge Gilbert. Chattahoochee superior court. February 26, 1912.

J. C. Tyner executed the following instrument:

"Georgia, Muscogee County. Columbus, Ga., March 2, 1910.

"$175.00. By the first day of October, 1910, next, I promise to pay Wynn & Robinson, or order, one hundred and seventy-five dollars, for value received, as purchase-money, for one brown mare mule, white nose, smooth mouth, in the sale of which there is no warranty of any kind. The title to which aforedescribed property shall be and remain in the said Wynn & Robinson, until this obligation is fully paid off, and discharged. It is agreed, however, that if said property, or any part thereof, is lost by death, destruction, or otherwise, such loss shall fall on the makers of this obligation and not on the said Wynn & Robinson, their heirs or assigns; but I agree to pay this obligation notwithstanding. To further secure the payment of this obligation I hereby mortgage,

sell, and convey to the said Wynn & Robinson, their heirs and assigns, the following described property, to wit: Fifty acres of land (50), more or less, known as the Northeast part of land lot No. 203 in the 10th District of originally Muscogee County, now Chattahoochee County, Georgia, said 50 acres bounded as follows: West by branch, South by branch to line running North which joins land of J. M. Green, and bounded on North by above-described lands, being and lying in Chattahoochee County near Box Springs, Georgia. Which property so mortgaged I represent to be owned by me, and free and clear of all liens or incumbrances of every kind and description whatever. If this obligation is not promptly paid at maturity, I agree that the said Wynn & Robinson may, in addition to any other remedies provided by law for the enforcement of the collection hereof, at their option elect to treat this instrument as a mortgage upon the property title to which is retained by the said Wynn & Robinson by the terms hereof, and upon the execution of a bill of sale to the maker or makers hereof to such property, and the filing and recording of such bill of sale in the office of the clerk of the superior court of the county of the residence of such maker or makers, or any one of them, shall give the right to the said Wynn & Robinson to proceed to foreclose this instrument as a mortgage upon said property, together with the other property herein mortgaged, in the same manner as mortgages upon personal property are foreclosed under the laws of this State; and the maker or makers hereof hereby ratify and confirm the sale of all or any part of said property sold under such foreclosure, and agree to pay all the costs and expenses of such foreclosure and the sale of the property thereunder, including the cost of recording such bill of sale. This obligation shall bear interest from date at the rate of eight per cent. per annum; and in the event the same is placed in the hands of an attorney for collection after maturity, I agree to pay ten per cent. upon the amount due as attorney's fees. As against the payment of this note, the makers waive all right to claim the benefit of any homestead or exemption of personalty provided for under the constitution and laws of the State of Georgia, or any other State. In witness whereof I have hereunto set my hand and seal, this 2 day of March, 1910." This was signed by Tyner and attested by two witnesses, one of whom was a notary public.

On November 16, 1910, Wynn & Robinson executed and filed an instrument in which they recited the one above set out, and stated that Tyner made default in payment, and that for the purpose of foreclosing on the property sold, in accordance with the terms of the note, they conveyed to him the title to the mule in order to levy thereon under such foreclosure. Thereupon an attorney for Wynn & Robinson made affidavit that Tyner was indebted to them in the sum of $175 principal, and $98.06 interest, together with $17.50 attorney's fees, "for the purchase of a certain brown mare mule, white nose, smooth mouth; and affiant makes this affidavit so that a mortgage fi. fa. may issue and be levied upon said mule." The clerk of the superior court issued an execution, and it was levied upon the mule. It is inferable from the record that an affidavit of illegality was filed, as the case was returned to the superior court. When it came on for trial, the defendant demurred to the affidavit of foreclosure and the proceedings thereunder, on the ground that the contract was not a mortgage, but was a contract of retention of title to secure the purchase-price of the property, and was not subject to summary foreclosure as a mortgage on personalty. The demurrer was sustained, and the plaintiffs excepted.

*C. C. Minter* and *Wynn & Wohlwender,* for plaintiffs.

*W. B. Short,* for defendant.

LUMPKIN, J. (After stating the foregoing facts.)

1. By the Civil Code, § 3306, it is declared that a bill of sale to secure a debt, with an obligation given to the debtor to reconvey the property upon payment being made, shall pass title to the "vendee" until the secured debt shall be paid, and shall be construed by the courts to be an absolute conveyance, with the right to have a reconveyance upon payment of the secured debt, and not a mortgage. By section 3318 a method is provided whereby one who sells and delivers personal property may retain the title as security until the purchase-price shall be paid. By section 3298 it is declared that "the owner of any bill of sale to personal property to secure a debt where the principal sum does not exceed one hundred dollars, may foreclose the same in the same manner as mortgages on personal property are now foreclosed, under the laws of this State." By section 6037 a general provision is made by which a holder of title to secure a debt may reduce the debt to judgment,

file and have recorded a conveyance to the debtor, and levy on the property. In *Berry* v. *Robinson & Overton, 122 Ga.* 575 (50 S. E. 378), it was held, that where one purchased personal property and gave therefor a promissory note, in which it was agreed that the title should remain in the seller until the purchase-money should be paid, such an instrument was not a "bill of sale" made by the purchaser to the seller, and could not be foreclosed in the summary manner provided by section 3298. The promise to pay involved in the present case was for more than one hundred dollars principal, and moreover the paper was not a bill of sale made by the owner of property to secure a debt, but an agreement by the purchaser for the seller to retain title until the purchase-money was paid. It is covered by the decision cited.

The argument that the instrument is a mortgage is without merit. Cases like that of *Frost* v. *Allen, 57 Ga.* 326, where the owner of property executed to a creditor an instrument to secure a debt, and the question was whether under its peculiar language it conveyed title or was a mere mortgage, are not applicable to an instrument like this. As to them see also *Smith* v. *DeVaughn, 82 Ga.* 575 (9 S. E. 425), and *Pitts* v. *Maier, 115 Ga.* 281 (41 S. E. 570).

2. It was argued that the purchaser agreed, if the obligation should not be promptly paid at maturity, that the sellers might, "in addition to any other remedies provided by law for the enforcement of the collection hereof, at their option elect to treat this instrument as a mortgage upon the property title to which is retained by the said [sellers] by the terms hereof, and upon the execution of a bill of sale to the maker or makers hereof to such property, and the filing and recording of such bill of sale in the office of the clerk of the superior court, . . shall give the right to the said [sellers] to proceed to foreclose this instrument as a mortgage upon said property, together with the other property herein mortgaged, in the same manner as mortgages upon personal property are foreclosed under the laws of this State."

In *Smith* v. *DeVaughn,* supra, the instrument under consideration seems to have included in the indebtedness secured, not only the purchase-money of the mule described, but also eighty dollars of a prior indebtedness. In it the purchaser promised to pay the sum named, and added: "I hereby mortgage and convey

unto the said payee, his heirs and assigns, the following described property [describing the mule], for which this note is given in part; said mule to remain the property of [the seller] until paid for." We are aware that Mr. Justice Simmons, in discussing the peculiar language of this instrument, after holding that it was a conditional bill of sale, and not a mortgage, said: "If Smith [the purchaser] had paid the purchase-money of the mule, he would have acquired title thereto, and it is possible that the instrument might have been foreclosed as a mortgage for the $80; and this may have been the reason that the paper was written both in the form of a mortgage and a bill of sale." But this mere suggestion of a possibility, and one which was not directly involved (the action being brought to recover possession of the property by the sellers), is very far from a ruling that a seller can retain title and also in the same instrument have a mortgage created in his favor on the same property, as being that of the purchaser, to secure the purchase-money.

The distinctive difference between a mortgage and a bill of sale to secure a debt, or the retention of title by a seller to secure the purchase-money, is that "a mortgage in this State is only security for a debt, and passes no title" (Civil Code, § 3256); a bill of sale to secure a debt, with an obligation to reconvey on payment, "shall pass the title of said property to the vendee till the debt or debts which said conveyance was made to secure shall be fully paid" (Civil Code, § 3306); and a conditional sale, with retention of title as security, leaves the title in the seller until the purchase-money is paid. Civil Code, § 3318. Just how the same instrument can convey title and not convey title at the same time, or retain title and not retain title but be a mere lien, as to the same property and for the same debt, is not plain. It would seem to be an effort to reconcile the irreconcilable. Relatively to dower, year's support, and the right of other creditors to levy their common-law executions, there is a wide difference between the status of a mortgage and a conveyance of title as security, or a retention of title for that purpose. To permit a creditor to word his contract so as to call it one or the other at his pleasure, and substantially to get the benefits of each, frightening off other creditors by means of the declaration that the title is in him, and yet reserving the right of summary foreclosure of the instrument as a mortgage, would be

to allow a variable and uncertain form of legal instrument. How shall a paper be classified which declares that it conveys title or does not convey title, as the creditor may at any time thereafter choose to declare?

If it be possible to frame an instrument so that it may be a mortgage or a reservation of title at the option of the creditor, the instrument before us does not even do that. It seeks to hold all the benefits of a reservation of title, and yet to declare that a summary remedy may be applied to that situation when the statute has not so declared. A conveyance, or reconveyance, and levy after judgment is provided in cases where title is held as security,—omitting the provision for foreclosure of a bill of sale to secure a debt under $100. A summary foreclosure by affidavit is provided for cases where no title is held by the creditor, but a mere lien is given. There are cases in which a party has an election of remedies, such as where a transaction partakes both of the nature of a tort and a contract, and where the party may sue for the tort, or waive the tort and sue on the contract; where the principal may ratify or repudiate the unauthorized act of his agent; where one has the option to declare a contract terminated because of a breach of a condition subsequent, or to insist upon its performance; and other instances which might be mentioned. But this is different from a contract authorizing one of the parties to apply a summary statutory remedy, authorized by law under one set of circumstances, to the enforcement of his rights under a different set of circumstances. The law declares when the statutory method of foreclosure by affidavit may be employed. Parties can not by agreement make such a proceeding applicable to a different class of cases. It is evident that an agreement attempting to give a party the right to recover land by possessory warrant, or to recover personalty by an action of ejectment, or by a warrant to dispossess a tenant, would not be valid or confer upon the courts the right to proceed in accordance with the agreement, instead of in accordance with the statutes on those subjects. In the instant case it was agreed, that, upon filing and recording a bill of sale, the sellers of the mule should have the right "to foreclose this instrument as a mortgage upon said property, together with the other property herein mortgaged, in the same manner as mortgages upon personal property are foreclosed under the laws of this State." "The other property

herein mortgaged" was real estate. It would hardly be contended that by such an agreement the parties could authorize the foreclosure upon land in the summary manner authorized by the statute for foreclosing mortgages upon personalty. No more can they by agreement authorize the same summary method of foreclosure of a mortgage upon personalty to be used in a case where a seller retains title as security, to which such a foreclosure has been held by this court not to apply, and for which provision has been expressly made by another statute.

The presiding judge correctly sustained the demurrer and dismissed the summary effort to foreclose the instrument.

*Judgment affirmed. All the Justices concur.*