### 7615. KNIGHT v. FORBES.

WADE, C. J. 1. "An action for money had and received lies in behalf of the plaintiff to recover his money in the hands of a defendant who, in equity and good conscience, has no right to retain the same." *Rhodes Furniture Co.* v. *Jenkins*, 2 *Ga. App.* 475 (58 S. E. 897). Such an action "needs for its support no actual contractual relation, for the law will imply a quasi-contractual relation to uphold it, whenever the circumstances so require." *Citizens Bank of Fitzgerald* v. *Rudisill*, 4 *Ga. App.* 37 (60 S. E. 818).

2. A fair construction of the suit as originally brought makes it an action of assumpsit against the defendant individually, and not as agent, for money had and received which the plaintiff delivered to the defendant for the purpose of obtaining for the plaintiff a policy of insurance from a company for which the defendant was an agent; and the amendment, setting up an agreement, made by the defendant in his

individual capacity, to return the money if the insurance company declined to issue a policy by a certain time, did not set up a new and distinct cause of action from that set forth in the original petition.

3. The trial judge did not err in overruling the demurrer to the plaintiff's petition.

*Judgment affirmed. George and Luke, JJ., concur.*

DECIDED FEBRUARY 16, 1917. REHEARING DENIED FEBRUARY 26, 1917.

Complaint; from city court of Valdosta—Judge Cranford. June 23, 1916.

The petition of Forbes against Knight contained in substance the following allegations: At the times hereinafter named the defendant was engaged in the insurance business and represented the Columbian National Life Insurance Company, as soliciting agent. On August 14, 1914, plaintiff gave to defendant an application to that company for a $5,000 twenty-year R. & C. term policy of insurance on his life, and paid to defendant the first premium thereon, amounting to $66.30. Plaintiff was duly examined by physicians representing the said company and they advised that he was a proper subject for insurance and recommended that he be passed and that the policy applied for be issued. He heard nothing further from the application until about January 10, 1915, when he went to defendant and asked about the policy, and was advised by defendant that the insurance company would not issue the policy applied for until plaintiff got a favorable report from the Penn Mutual Life Insurance Company, to which plaintiff had applied for insurance in June, 1914, and which advised him to wait until a later date to apply for insurance. Plaintiff then applied to the Penn Mutual Life Insurance Company for a policy in the sum of $1,000, which, after an examination by physicians, was issued to him on January 22, 1915. He immediately notified defendant that he had received that policy, and asked him to renew his efforts to secure the policy applied for in the Columbian National Life Insurance Company, and the defendant promised to do so. Plaintiff asked him about the policy frequently, and on February 25, 1915, told defendant that he was going to apply for insurance in another company and that the Columbian National Life Insurance Company need not issue the policy applied for, but, at defendant's request that he wait until the following Saturday, he waited until March 5, 1915, when, failing to receive the policy, he applied to the Germania Life Insur-

ance Company for a $5,000 twenty-year term insurance policy on his life, and it was delivered to him on March 20, 1915. Afterwards defendant advised plaintiff that he had a policy for plaintiff, and plaintiff advised him of the issuance of the policy of the Germania Life Insurance Company, and several days later defendant attempted to deliver to plaintiff a $2,500 straight life policy of the Columbian National Life Insurance Company, which plaintiff declined to accept, because it was not such a policy as he had applied for, and because the Columbian National Life Insurance Company had failed to issue and tender to plaintiff a policy of insurance within a reasonable time after his application was made. Plaintiff afterwards demanded of defendant the return of the amount of the premium, $66.30, which plaintiff had paid to him, but defendant refused and still refuses to pay this sum or any part of it. By reason of the facts herein set out, defendant is indebted to plaintiff in this sum, besides interest thereon from August 14, 1914. Wherefore plaintiff prays process, etc.

The defendant demurred to the petition generally, and on the grounds, that it appeared therefrom that in the transactions alleged the defendant acted as agent of the Columbian National Life Insurance Company, and not in his individual capacity, and the plaintiff knew this fact; and that the liability alleged is a liability of the insurance company and not of the defendant.

By an amendment, which was allowed over objections of the defendant, the plaintiff alleged: At the time plaintiff gave defendant the application and paid the premium as alleged in the petition, defendant agreed in his individual capacity, and not as agent of the insurance company, to procure for plaintiff the policy applied for, in consideration of that premium; and, under defendant's arrangement with the insurance company, defendant was not required to remit the premium or any part of it to the company before the policy was delivered and became effective, and defendant had the premium in his possession when he tendered the $2,500 policy referred to in the petition. The return of the amount of this premium was demanded of defendant by plaintiff at the time of declining to accept the policy tendered by defendant. The defendant's objections to the allowance of the amendment were: that it sets out a new and different cause of action from that set out in the original petition; that it sets out a cause

of action against the defendant, while the original petition sets out a cause of action against the insurance company; that the original petition shows that the defendant was acting as agent, and the amendment shows that he was not so acting, but was acting in his individual capacity; that the original petition is based on an implied assumpsit for money had and received by the insurance company for the benefit of the plaintiff, and the amendment changes the petition so as to cause it to be based on an implied assumpsit for money had and received by the defendant, instead of the insurance company, for the benefit of the plaintiff.

The case came to the Court of Appeals on exceptions to the allowance of the amendment, and to the overruling of the demurrer.

*Franklin & Langdale,* for plaintiff in error, cited: *Gill* v. *Tison,* 61 *Ga.* 161; *Bank of University* v. *Hamilton,* 78 *Ga.* 312; *Tiller* v. *Spradley,* 39 *Ga.* 35; *Cureton* v. *Wright,* 73 *Ga.* 8; *Trust Company* v. *Wallace,* 143 *Ga.* 214; *Echols* v. *Howard,* 17 *Ga. App.* 49; 31 Cyc. 1552; *Ramspeck* v. *Pattillo,* 104 *Ga.* 772; *Manis* v. *Pruden,* 145 *Ga.* 239; 1 A. & E. Enc. L. (1st ed.) 380; *Croghan* v. *N. Y. Underwriters' Agency,* 53 *Ga.* 109; Rice *v.* Wood, 113 Mass. 133; Walker *v.* Osgood, 98 Mass. 348; Farnsworth *v.* Hemmer, 31 Am. Dec. 756.

*E. K. Wilcox,* contra, cited: *Rhodes & Son Furniture Co.* v. *Jenkins,* 2 *Ga. App.* 475; *Whitehead* v. *Peck,* 1 *Ga.* 145; 2 R. C. L. 778; § 34; *Hunt* v. *Burk,* 22 *Ga.* 129; *Clarke* v. *Brown,* 77 *Ga.* 606; *Ingram* v. *Mitchell,* 30 *Ga.* 547.