*L. G. Fortson,* for plaintiffs. *D. K. Johnston,* for defendants.

---

### 13632.   Bank of LaGrange *v.* Rutland.

Stephens, J.  1. This court having in a former review of this case (27 *Ga. App.* 442, 108 S. E. 821), held that the levy of the fraudulent-debtor attachment could not proceed against the property of the defendant because the legal title of the defendant in the property had been divested by a valid bill of sale to the claimant to secure a debt, and, at the instance of the claimant, reversed the judgment, the verdict and judgment rendered on this (the second) trial, in favor of the plaintiff, holding the property subject to the levy, where the evidence did not materially differ from that adduced upon the first trial, was without evidence to support it and contrary to law.

2. Other than in an equitable proceeding by the creditor, in which both the debtor and the claimant are parties, the creditor can not in a proceeding at law, as in the instant case, render the property subject to the levy by tendering, prior to the levy, the amount of the debt due to the claimant or holder of the legal title to secure a debt, since such tender does not in law amount to a vesting of the legal title in the defendant. *Woodruff* v. *McDonald Furniture Co.,* 96 *Ga.* 86 (23 S. E. 195).

3. While the fraudulent-debtor attachment issued in this case was for an indebtedness alleged to have been due by the defendant to the plaintiff for purchase-money, yet, since the property levied on was not property for which the purchase-money was due by the defendant to the plaintiff, and there was no title to the same reserved to the plaintiff, the ruling in *Johnson* v. *Walter J. Wood Stove Co.,* 6 *Ga. App.* 65 (64 S. E. 287), is not applicable. Whether upon another trial the plaintiff in this case, which is still pending in the superior court, could, either with or without filing an amendment, preserve all his existing rights and secure them by obtaining the equitable relief indicated in *Woodruff* v. *McDonald Co.,* supra, this court does not decide.

> *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*
> Decided February 8, 1923.

Levy and claim; from Troup superior court — Judge Roop. April 27, 1922.

*E. T. Moon,* for plaintiff in error. *L. B. Wyatt,* contra.