18043.   JONES MOTOR CO. *v.* MACON SAVINGS BANK, administrator.

STEPHENS, J.   1.  In a bill of exceptions to a judgment for the defendant, rendered by the trial judge in passing upon questions both of law and of fact, under an agreed statement of facts, the assignments of error are sufficient where the judgment thus rendered is excepted to on the grounds that the court erred in the finding of fact, and also erred in the conclusions of law; that "the court erred in entering up judgment for the defendant in said case, and that he should have found for the plaintiff in the sum sued for;" that "as a matter of law, under the agreed statement of facts, the only legal verdict which could have been rendered was in favor of the plaintiff in the sum" sued for; and that the "verdict and judgment is contrary to law."   The motion to dismiss the bill of exceptions, upon the ground that the assignments of error are insufficient, is denied.   *Pace* v. *Pace,* 154 *Ga.* 712 (115 S. E. 65).

2.  An act approved August 15, 1921 (Ga. L. 1921, p. 114), amending the Civil Code of 1910, § 3298, by providing that "the owner of any . . written contract where title is retained to personal property to secure a debt may foreclose the same in the same manner as mortgages on personal property are now foreclosed under the laws of this State," has reference to contracts retaining title in the seller of personal property sold to secure the purchase money.   It is not essential to the validity of a levy upon personal property, made pursuant to this code section, that the holder of the legal title as security for the debt shall convey the title to the debtor for the purpose of levy and sale.   A levy upon personal property in a proceeding to foreclose a retention-of-title contract, made pursuant to this code section, was a legal levy although the title was not put into the debtor for the purpose of levy and sale.

3.  In a contract for the sale of personal property, where the purchaser agrees that upon default in any payment due under the contract he will voluntarily surrender the property to the seller, to be sold and the proceeds applied upon the indebtedness, or agrees that upon such default the seller may institute trover proceedings to recover the property, etc., these remedies are cumulative of the seller's right to collect the indebtedness in any other manner as provided by law; and the seller's failure to pursue, for the collection of the indebtedness, any method prescribed in the contract for that purpose, can not be a de-

Appeal and Error, 3 C. J. p. 1381, n. 13.
Executions, 23 C. J. p. 474, n. 79; p. 695, n. 33.
Sales, 35 Cyc. p. 697, n. 20 New; p. 708, n. 18.

fense against the seller's, right to foreclose as provided by law under the Civil Code of 1910, § 3298.

4. Where the property levied on is not taken by the levying officer, but is immediately left by him in the possession of the defendant in execution, and no forthcoming bond is given; and where later, under instructions from the levying officer, an agent of the plaintiff in execution demands and receives the property of the defendant in execution, the delivery of the property by the defendant in execution in response to such demand does not authorize the inference that the contract of sale was rescinded and the indebtedness of the defendant in execution to the plaintiff in execution was thereby canceled. On the contrary, the inference is demanded that the delivery of the property was to the levying officer, and not to the plaintiff in execution.

5. Where the personal property levied upon is afterwards regularly sold by virtue of a so-called short-order sale, obtained after due advertisement and after the required notice to the defendant in execution, as provided in sections 6068-6069 of the Civil Code of 1910, the proceeds of the sale, less the costs, should be credited upon the indebtedness due by the defendant in execution.

6. Where the above-stated facts were established by undisputed evidence in a suit brought by the plaintiff in execution against the defendant in execution, to recover the balance due upon promissory notes representing the indebtedness, less the amount realized upon the short-order sale, a verdict for the plaintiff was demanded. The judgment of the judge of the city court of Macon, finding for the defendant upon both questions of law and fact, was contrary to law and without evidence to support it.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 28, 1928.

Complaint; from city court of Macon—Judge Hall. January 26, 1927.

Application for certiorari was made to the Supreme Court.

*Herring & Lewis,* for plaintiff.

*Ryals, Anderson & Anderson,* for defendant.