## MACON SAVINGS BANK, admr., *v.* JONES MOTOR COMPANY.

No. 6540. July 20, 1929.

*Ryals, Anderson & Anderson,* for plaintiff in error.
*Arthur Lewis,* contra.

RUSSELL, C. J. It appears from the record in this case that Jones Motor Company sold James D. Strozier an automobile trailer for the sum of $275, payable in specified monthly installments, the first being for $50 and the last for $100, and the remaining five for $25 each. It is provided in the contract of sale that time is of the essence of the agreement; and various stipulations to this effect, not material to be mentioned, are incorporated in the instrument. Upon default in payment of one of the monthly notes the Jones Motor Company proceeded, under the provisions of section 3298 of the Code of 1910, as amended by the act of 1921 (Ga. L. 1921, p. 114), to foreclose the sale contract, in which title was retained by the vendor to secure the debt, in the same manner in which mortgages on personal property are foreclosed. A mortgage fi. fa. was levied upon the trailer;. and though it was left by the levying officer for a short time at the defendant's place of residence, a short-sale order, based upon the ground that the property was deteriorating and expensive to keep, was obtained from the judge of the superior court. The property was exposed to

sale in pursuance of that order and was sold, and the proceeds, less expenses of the sale, were credited upon the mortgage fi. fa. Thereafter Jones Motor Company as owner of the note brought suit in the city court of Macon, to recover the balance due upon the purchase-money notes. Strozier, the maker of the notes, having died, and the Macon Savings Bank having qualified as administrator of his estate, the cause proceeded to trial upon an agreed statement of facts (substantially as already stated) before the judge of the city court of Macon, without the intervention of a jury; and judgment was rendered by the court in favor of the defendant, thus relieving the estate of Strozier from any further liability than the sum obtained from the sale of the property. The Jones Motor Company sued out a writ of error to the Court of Appeals, and that court, in *Jones Motor Co.* v. *Macon Savings Bank,* 37 *Ga. App.* 767 (142 S. E. 199), reversed the judgment of the trial court, and held that a verdict in favor of the plaintiff for the amount sued for was demanded. Upon a consideration of the petition for certiorari filed here, this court was of the opinion that while the amount involved in the case is small, the questions presented are of such gravity and importance, in view of the enormous volume of installment sales of automobiles and other articles where the title of the article sold is retained by the vendor until the purchase-price is fully paid, as to warrant the issue of a writ of certiorari in order that the questions raised might be adjudicated by this court.

Upon consideration we are of the opinion that the only real question presented as to which there can be any doubt is whether a vendor who reserves title in himself to secure payment for personal property, and avails himself of the right afforded by section 3298 of the Code of 1910, is required to make and have recorded a bill of sale conveying title to his debtor prior to the mortgage foreclosure. The point is stressed in the argument in this case that in foreclosing its mortgage the Jones Motor Company did not divest itself of the title or invest the administrator with title prior to the levy of the mortgage fi. fa. upon the property, or even prior to the sale of such property. Many cases are cited, and others could be mentioned, in which this court has held that a vendor who has retained title, especially in land, as security for the payment of the purchase-price or other debt, must make a reconveyance which must be recorded prior to the levy of a fi. fa. obtained in the

action reducing the note or other evidence of debt to judgment. But in our opinion the language of section 3298, as amended, is plain when the history of the legislation therein embodied is considered, and renders a reconveyance of title to personal property, which title has been retained to secure repayment, altogether unnecessary as a prerequisite to the foreclosure proceeding provided in the code section. The language of section 3298 as amended, "The owner of any bill of sale to personal property to secure a debt (or written contract where title is retained to personal property to secure a debt) may foreclose the same in the same manner as mortgages on personal property are now foreclosed under the laws of this State," does not even suggest an inference that a reconveyance should be made. This conclusion is strengthened by the language of section 3299, which declares that "In the event any such bill of sale is foreclosed as above provided, the after proceedings of the said foreclosure shall be the same as proceedings to foreclose mortgages, with the same rights to mortgagors to defend in the manner as defenses to foreclosure of mortgages as are now provided by the laws of this State." The amendment to section 3298, as embodied in the act of 1921, was no doubt made to meet the ruling in *Wynn* v. *Tyner,* 139 *Ga.* 765 (78 S. E. 185), and other similar cases cited by counsel for petitioner in the petition for certiorari. In fact, the language employed by Mr. Justice Lumpkin in the *Tyner* case, in stating that the parties could not by agreement provide a remedy different from any provided by statute, was pregnant with the suggestion that the General Assembly might pass a statute which would effect what the agreement in the *Tyner* case could not effectuate. Acting perhaps upon this suggestion the General Assembly, in the passage of the act of 1921, provided one who has retained title to personal property with another method by which the collection of his debt might be enforced, by providing that if the creditor does not wish to avail himself of the remedy afforded by section 6037, of suing on the note and making a reconveyance to the defendant in fi. fa., and recording the same prior to a levy of the execution obtained upon the note, he may foreclose the writing as a mortgage. It does not follow from this, as argued by counsel, that the nature of the instrument is changed. It does not follow that the original retention of title is transformed into a mere security for debt, as is a

mortgage. The legislature merely intended to apply the remedy applicable where a mere lien had been created, also to an instrument where the vendor or debtor had divested himself of all interest other than equitable in the title. We are of the opinion that there is no error in the judgment of the Court of Appeals.

*Judgment affirmed. All the Justices concur, except Atkinson, J., dissenting.*