24890.  BRADLEY *v.* GENERAL MOTORS ACCEPTANCE CORPORATION.

DECIDED AUGUST 2, 1935.

*R. M. Girardeau,* for plaintiff in error.
*P. M. Anderson, Bennett & Bennett,* contra.

GUERRY, J. The General Motors Acceptance Corporation sued out a purchase-money attachment against W. D. Bradley, under § 5084 of the Civil Code (1910). The attachment was levied upon a certain motor-truck, which had been purchased by Bradley from Claxton Motor Company under a retention-of-title contract, regularly recorded. Plaintiff was the holder of the purchase-money contract by transfer. After the levy of the attachment and before final judgment, the plaintiff, after giving due notice to the defendant in attachment, petitioned the court, under § 6068 of the Civil Code (1910), for a short-order sale of the property levied upon. The court granted the order, and the property was regularly sold under that section. Plaintiff filed his declaration in attachment and gave defendant the required notice in order to secure a personal judgment. Defendant answered the attachment, setting up that the sale of the property under the short order was void, for the reason that no reconveyance of the property had been made to defendant prior to its sale. Plaintiff amended its attachment, setting up the fact of the sale under a short order and crediting the amount of the sale to the indebtedness. The court upon motion of the plaintiff struck that part of the defendant's answer which set up the illegality of the sale, as being no defense to the suit, and, after the introduction of evidence by the plaintiff, directed a verdict in favor of the plaintiff for the balance on the note.

The only question before this court is, where a purchase-money attachment has been sued out and levied upon property, the title to which was retained in the plaintiff until payment of the purchase-money, and pending the termination of the attachment and before final judgment, the property is sold under a short order, is it necessary, before such a sale, that the plaintiff convey to the defendant the title to the property? We think this question should be answered in the negative. The only statute existent in this State with reference to the reconveyance of property, is § 6037 of the Civil Code (1910), which provides as follows: "In cases where a contract to purchase has been made, or bond for title made, or the purchase money has been partly paid, or in cases where a deed to secure a debt has been executed, and the purchase money or secured debt has been reduced to judgment by the payee, assignee, or holder of said debt, the holder of the legal title, or, if dead, his executor or administrator, shall, without order of any court, make

and execute to said defendant in fi. fa., or, if he be dead, to his executor or administrator, a quitclaim conveyance to such real or personal property, and file and have the same recorded in the clerk's office; and thereupon the same may be levied upon and sold as other property of said defendant, and the proceeds shall be applied to the payment of such judgment; or if there be conflicting claims, then the same shall be applied as determined in proceedings had for that purpose." We can not see that this section has any reference to proceedings under a short-order sale. The provisions of this statute have reference only to proceedings after final judgment and levy and sale had thereunder under the usual requirement of the law, and have no reference to an interlocutory sale, such as a short order. A short-order sale is not a sale under final judgment. It is an equitable remedy provided for the convenience of the parties and preservation of the property. Where the property is seized by the levying officer and a short order is regularly taken for the sale thereof, under the provision of § 6068, all liens on the property are divested by the short-order sale and the liens attach to the funds arising from the sale. *Welsh* v. *Lewis,* 71 *Ga.* 387; *Cincinnati Cordage &c. Co.* v. *Dodson &c. Co.,* 131 *Ga.* 516 (62 S. E. 810); *Pickard* v. *Garrett,* 141 *Ga.* 831 (82 S. E. 251); *Davis* v. *Peagler,* 21 *Ga. App.* 778 (95 S. E. 268). It is true that a sale of property under a common-law judgment is generally void unless at the time of the levy the title to the property is in the defendant in fi. fa. Section 6068 makes special provision for property which is of a "perishable nature" or is such as is "liable to deteriorate from keeping," or whose keeping is "attended with expense." In such a case, irrespective of liens, the property may under proper order be sold and the liens divested and made to attach to the funds. There is no need for a reconveyance of the property to the defendant. The property is not being sold under a final process and after regular advertisement. That § 6037 applies only to a regular sale under a final judgment, see *Johnson* v. *Walter J. Wood Stove Co.,* 6 *Ga. App.* 65 (64 S. E. 287), where it was said that "Where an attachment for purchase-money of personal property to which the plaintiff in attachment has reserved title is served by the seizure of the property, before the property can be levied upon and sold under final judgment and execution the plaintiff must convey it by quitclaim to the defendant. But this

conveyance is not necessary before the issuance of the attachment and the seizure of the property thereunder." It has also been held that where the paper of the character here under consideration is foreclosed as a mortgage, it is not necessary before foreclosure that the property be reconveyed. See *Jackson* v. *Parks,* 49 *Ga. App.* 29 (174 S. E. 203); *Macon Savings Bank* v. *Jones Motor Co.,* 168 *Ga.* 805. (149 S. E. 217). The court did not err in striking the answer setting up such a plea and directing a verdict for the plaintiff.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*