## 25206. HILLIARD *v.* GENERAL MOTORS ACCEPTANCE CORPORATION.

DECIDED JULY 9, 1936. REHEARING DENIED JULY 23, 1936.

*Edward F. Taylor,* for plaintiff in error.

*Martin, Martin & Snow,* contra.

STEPHENS, J. On December 13, 1934, General Motors Acceptance Corporation brought an action in trover against Hilliard, alleging that he was in possession of a Chevrolet automobile truck, motor No. T-4615754, the property of the plaintiff and of the value of $704.64, and that the defendant refused to deliver the property to the plaintiff or pay it the profits thereof. Affidavit to require bail was attached to the petition. The defendant answered on February 14, 1935, denying the allegations as to possession, ownership, and value of the truck, and traversing all the allegations of the bail affidavit. On the trial, June 26, 1935, the defendant tendered an amendment to his answer, which set up that on December 12, 1934, the plaintiff attempted by affidavit to foreclose its retention-of-title contract as a mortgage; that execution was issued on the affidavit and was levied on the property described in the contract; that the plaintiff was contending that the defendant was holding the truck under a contract of purchase from Henry Newsome, who had no right to sell the truck, and that Newsome had no title to the truck, but the title was in the plaintiff under the retention-of-title contract; that the plaintiff, when it foreclosed the retention-of-title contract as a mortgage, elected to treat the

truck as the property of Newsome, and as the property of the defendant as the grantee of Newsome, and the plaintiff elected to stand upon its contract of sale and to reject its retention-of-title contract; that when the plaintiff elected to treat the truck as the property of Newsome, then under the warranty of sale by Newsome to Hilliard the title immediately passed through Newsome to Hilliard; and that the plaintiff is now estopped from prosecuting this action against either Newsome or the defendant, by reason of its election to treat the truck as the property of Newsome at a time when it knew that Newsome had already sold the truck to the defendant. Attached to the proposed amendment was a copy of the foreclosure proceeding, including the levy of a fi. fa. for $704.64 on the truck as the property of Henry Newsome. The amendment was objected to by the plaintiff on the grounds that it was a plea in abatement and should have been filed at the first term, and that it set out no defense. The court, after allowing the amendment subject to demurrer, passed an order striking it on demurrer. Evidence for the plaintiff was submitted. The jury found for the plaintiff in the amount sued for. The defendant moved for a new trial on the general grounds and on nineteen special grounds. The motion was overruled. Error is assigned on the striking of the amendment to the answer and on the refusal to grant a new trial.

The evidence was as follows: Bibb Chevrolet Company sold an automobile truck to Henry Newsome by a contract dated November 20, 1934, signed by both parties, and providing that the purchaser had bought and the seller had sold one new Chevrolet truck, motor No. T-4615754, for a total price of $1004.79, payable $300.15 in cash and balance of $704.64 payable at the offices of the General Motors Acceptance Corporation in equal monthly instalments, beginning December 20, 1934; that title should not pass to the purchaser until this amount was fully paid in cash; that in the event the purchaser failed to comply with any condition of the contract, the full amount should be immediately due and payable; that the purchaser should not transfer any interest in the contract or the property; and that the seller should have the right to enforce one or more remedies hereunder, successively or concurrently. This contract was assigned by Bibb Chevrolet Company to General Motors Acceptance Corporation by an undated writing at the bottom of the contract. On December 8 Newsome sold the truck to Hilliard, the

defendant, for $150 cash, and two notes of $25 each, Hilliard agreeing also to pay the balance due by Newsome on the truck. Newsome testified, as to the trade he made with the defendant: "I told him that I couldn't sell only my equity, and that he would have to satisfy the motor people, General Motors people or the Chevrolet people;" and "Hilliard agreed to pay me $200, and then, in addition to that, he was to satisfy the lien on the property."

In 1921, the legislature amended section 3298 of the Code of 1910, by providing that the owner of any written contract where title to personal property is retained to secure a debt may foreclose the same in the same manner as mortgages on personal property are now foreclosed under the laws of this State. Ga. L. 1921, p. 114; Code, § 67-1601. Since the passage of this statute, whatever the prior law may have been, the act of a plaintiff in foreclosing such a contract as a mortgage can not be construed as a renunciation of the title held by him as security for the debt. On the contrary it is an affirmation of title. Consequently there is no inconsistency between such a suit and a subsequent suit in trover, based on the same contract, for the recovery of the property. Both suits depend on an assertion of the same title. It can not be held that the plaintiff in foreclosing the contract as a mortgage thereby transferred his title to the defendant and to the defendant's assignee. The case of *Kennedy* v. *Manry, 6 Ga. App.* 816 (66 S. E. 29), relied on by the plaintiff in error, was decided in 1909, and was in large part overruled in *Wynn* v. *Tyner, 139 Ga.* 765 (78 S. E. 185). The questions raised by the exceptions to the rejection of the defendant's amendment to his answer have been decided adversely to his contentions. *Jones Motor Co.* v. *Macon Savings Bank, 37 Ga. App.* 767 (142 S. E. 199), affirmed, 168 *Ga.* 805 (149 S. E. 217); *Wilbanks* v. *Wardlaw, 50 Ga. App.* 495 (3) (178 S. E. 466). The case of *Jackson* v. *Parks, 49 Ga. App.* 29 (174 S. E. 203), differs in its facts from the present case; but the actual rulings therein are not inconsistent with the decisions in *Macon Savings Bank* v. *Jones Motor Co., 168 Ga.* 805 (supra), and *Wilbanks* v. *Wardlaw,* supra. The question in *Jackson* v. *Parks,* supra, was practically the same as in *Cooper* v. *Smith, 125 Ga.* 167 (53 S. E. 1013), whether there was a rescission of the retention-of-title contract by the plaintiff's causing a void sale and buying in the property. Both of these decisions held that there was no rescission, and

that the plaintiff could thereafter proceed to subject the property to the debt. See also *Coley* v. *Dortch,* 139 *Ga.* 239 (2) (77 S. E. 77); *Jordan* v. *Jenkins,* 17 *Ga. App.* 58 (2) (86 S. E. 278); *Wilson* v. *Owen,* 19 *Ga. App.* 159 (91 S. E. 233). The court did not err in striking the amendment to the answer.

■ The amendment to the plea and answer having been stricken, the defendant had no defense, and a verdict for the plaintiff was demanded. The only issue presented being as to the value of the property, the court properly eliminated all other issues from the jury's consideration. The various exceptions to the instructions given to the jury, or to the failure to instruct the jury, or to the admission or exclusion of evidence, all of which relate to the matters contained in the amendment to the plea and answer which had been stricken, are without merit.

■ The contention in ground 7 of the motion for new trial, that the testimony showed that the defendant was a bona-fide purchaser of the truck, can not be sustained. The evidence showed that Newsome informed the defendant of the plaintiff's interest in the property. This at least was sufficient to put the defendant on notice.

■ The evidence authorized the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*